## 18485

John Henry CHILTON, as Administrator of the Estate of Ronnie Chilton v. The CITY OF COLUMBIA and Southern Railway Company, Inc., of whom The City of Columbia is, Respondent.

(147 S. E. (2d) 642)

*Messrs. Gary Paschal, Dallas D. Ball,* and *Luther M. Lee,* of Columbia, *for Appellant,*

*Messrs. John W. Sholenberger* and *Edward A. Harter, Jr.,* of Columbia, *for Respondent, The City of Columbia,*

April 4, 1966.

BUSSEY, Justice.

This is an appeal from an order sustaining a demurrer, by the City of Columbia, to a complaint in an action for wrongful death. To quote from the agreed statement of the case:

"The Complaint alleges that the Defendant at the times mentioned therein was about three years of age. That on or about March 12, 1963, "he fell into a ditch at the northwestern corner of the intersection of Calhoun and Williams Streets in the City, county and state aforesaid and drowned'; that said 'street and their intersections were under the ownership and control of the Defendants, the City of Columbia and the Southern Railway Company, Inc.' It is further alleged that Respondent, the City of Columbia, was negligent in that it

" '(1) failed to provide a fence or enclosure around the ditch;

" '(2) failed to pipe the water away to prevent depth of water in the ditch;

" '(3) failed to properly supervise the area knowing that small children frequented the area.'

"The Respondent, The City of Columbia, demurred to the complaint on the grounds that it does not state facts sufficient to constitute a cause of action because the City is not subject to a suit for tort except as provided by Statute and the Complaint fails to bring the action within the provisions of the Statute in that it does not 'contain sufficient allegations of fact tending to show that there was a defect in a street under the control of this Defendant, *and on the contrary contains allegations showing that the ditch into which Plaintiff's intestate fell and drowned was not in the traveled portion of the street but adjacent thereto and was used to carry off water and not for travel or street purposes.*' " (Emphasis added.)

At the outset, it should be pointed out that the italicized portion of the quotation from respondent's demurrer is not borne out upon an examination of the complaint. The only reference in the complaint to the location of the ditch is simply "at the northwestern corner of the intersection of Calhoun and Williams Streets." Webster's Third International Dictionary gives as the first definition of the word "at" the following:

"Used as a function word to indicate presence in, on or near."

While the complaint alleges that there was water in the ditch and that the decedent drowned therein, the complaint is silent as to the use or purpose of said ditch. It is elementary that in passing on a demurrer the court is limited to the allegations of the complaint and cannot consider facts not alleged therein. A demurrer to a complaint cannot be sustained if facts sufficient to constitute a cause of action can be fairly gathered from the complaint, however uncertain, defective, or imperfect the allegations of the complaint may be. *Coral Gables v. Palmetto Brick Co.,* 183 S. C. 478, 191 S. E. 337.

In considering a demurrer to a complaint, the factual allegations thereof must be considered as true, and, together with the relevant inferences reasonably deducible therefrom, are to be liberally construed in plaintiff's favor. *Skinner and Ruddock, Inc. v. London Guarantee & Accident Co. et al.,* 239 S. C. 614, 124 S. E. (2d) 178.

If the appellant has a cause of action, it is by virtue of Section 47-70 of the 1962 Code of Laws, which permits an action if the death was caused by the negligence of the city, "through a defect in any street, causeway, bridge or public way or by reason of a defect or mismanagement of anything under control of the corporation within the limits of any city." The question, therefore, is, does the complaint state a cause of action within the purview of the Code Section? We think it is obvious that the complaint alleges negligence on the part of the respondent and, liberally construed, it alleges that the ditch into which the decedent fell was in the corner of the intersection of two streets in the City of Columbia. We do not think it could even be contended that an open unguarded ditch, deep enough to drown in, and located in a street intersection did not constitute a defect in the street. Such being the case, the demurrer here should have been overruled.

His Honor based his order sustaining the demurrer, at least in part, on the fact that the complaint did not allege that the decedent was a traveler on a traveled portion of the streets at the time of falling into the unguarded ditch, citing *Furr v. City of Rock Hill,* 235 S. C. 44, 109 S. E. (2d) 697, for the proposition that the duty owed by a city to maintain its streets in a condition of reasonably safe repair is a duty owed to the users of the streets. While the complaint does not specifically allege that the decedent was a traveler on either of said streets, the failure to so allege was not made a ground of demurrer and we think that liberally construed the complaint raises a reasonable inference that the decedent was such a traveler.

If the respondent desired more detailed allegations in the complaint as to the nature, description or location of the ditch and the activities of the decedent immediately prior to the fatal accident, a motion to make the allegations of the complaint more definite and certain would doubtless have been the proper course to be pursued. *Pierson v. Green,* 69 S. C. 559, 48 S. E. 624; *Webber v. Farmers Chev. Co.,* 186 S. C. 111, 195 S. E. 139.

The circuit judge assumed, as asserted by the respondent, that the ditch was not in a traveled portion of the streets, but only adjacent thereto, and was concerned as to whether the instant case was controlled by the decision of this court in the case of *Stone v. City of Florence,* 94 S. C. 375, 78 S. E. 23. In that case the city was held liable for injury to a five-year-old child who, while playing in the street, fell into an unguarded ditch. There was conflict in the evidence as to the precise location of the ditch, which conflict the court held to be immaterial. His Honor concluded that the authority of the cited case had been limited or modified by later decisions, and much of the argument here is devoted to whether his Honor was correct in this respect.

Since the complaint, liberally construed, alleges a defect within the streets, we need not here consider the effect, if any, of later decisions upon the authority of the Stone case. Whether or not that decision is applicable, and whether or not the authority thereof has been to any extent modified, are questions which should be decided in the light of the facts developed upon the trial with reference to the nature, location and use of the ditch in question.

We hold only that the complaint, liberally construed, was good against demurrer. Should the evidence disclose that the location of the ditch is other than that given it under a liberal construction of the complaint, two cases not cited in the briefs of counsel may prove of some help upon the trial of the case. These are, *Livingston v. South Carolina State Highway Dept.,* 178 S. C. 323, 183 S. E. 8; *Bunton v. South Carolina State Highway Dept.,* 186 S. C. 463, 196

S. E. 188. Since we do not know precisely what the evidence will disclose we, of course, do not mean to indicate that either of these cases is applicable or controlling.

The appellant urges the court to abolish the doctrine of sovereign immunity, at least insofar as such doctrine applies to a municipality. In answer thereto, we merely point to the fairly recent case of *McKenzie v. City of Florence et al.*, 234 S. C. 428, 108 S. E. (2d) 825.

For the reasons hereinabove set forth, the judgment of the lower court is reversed and the cause remanded for trial.

Reversed and remanded.

Moss, Acting C. J., LEWIS and BRAILSFORD, JJ., and LEGGE, Acting Associate Justice, concur.