19801

Mattie GRAHAM, Administratrix of the Estate of Adrianne Graham, Appellant, v. CHARLESTON COUNTY SCHOOL BOARD et al., Respondents.

(204 S. E. (2d) 384)

*Messrs. Fred Henderson Moore* and *Daniel E. Martin,* of *Moore & Martin,* Charleston, *for Appellant,*

*Joseph W. Cabaniss, Esq.,* of *Grimball & Cabaniss,* Charleston, *for Respondents,*

April 3, 1974.

BRAILSFORD, Justice:

This action for the wrongful death of plaintiff's intestate, an eight-year-old school girl, who was killed by a truck in a heavily congested area of the City of Charleston while walking home from school, was brought against the truck driver and against the Charleston County School Board, Howard F. Burky, as chairman of the Charleston County School District, Alton C. Crews, as Superintendent of Education for Charleston County, Malcolm C. Hursey, as Superintendent of Cooper River Constituent School District Number 4, and William Mayer, as Principal of Chicora Elementary School.

The complaint alleges that the action is brought against the school board and school officials listed above in their official capacities; and that the child's death was caused by their negligence, recklessness, heedlessness and wantonness in wrongfully keeping her after school until bus transportation was no longer available, and in thereby subjecting her to extremely hazardous traffic conditions, which could have been avoided by releasing her in time to ride home on the school bus.

The defendants, other than the truck driver, demurred to the complaint upon the ground that the action is brought against the Charleston County School Board, an agency of the State of South Carolina, and other named school officials in their official capacities as agents and officers of South Carolina, and that the action, not having been authorized by statute, is barred under the doctrine of sovereign immunity.

The circuit court sustained the demurrer, and the plaintiff has appealed on five exceptions. The first and second exceptions rest upon alleged facts ex-

traneous to the complaint, the demurrer and the order of the circuit court; hence, they raise no issue for decision on this appeal. The so-called fifth exception is a mere argument in support of the fourth exception. The third exception is to an immaterial finding of the circuit court not affecting the merits of the issue arising on the demurrer.[1] Only the fourth exception, which challenges the court's conclusion that the complaint does not state a cause of action because of the doctrine of sovereign immunity, need be considered. We quote.

"4. In holding that the doctrine of sovereign immunity applied to a school board in the absence of any clear cut statute, law, judicial pronouncement supportive of that ruling and even though said Defendant School Board retains the power to sue and to be sued; thereby implicitly waiving any sovereign immunity it may have had."

In this jurisdiction neither the State nor any of its political subdivisions is liable in an action *ex delicto* unless by express enactment of the General Assembly, except where the acts complained of, in effect, constitute a taking of private property for public use without just compensation, West's South Carolina Digest, States, Key 112; *ibid,* Municipal Corporations, Key 723. This rule is fully applicable to school districts. *Brooks v. One Motor Bus, etc.,* 190 S. C. 379, 3 S. E. (2d) 42 (1939). Section 21-111, Code of 1962, which constitutes every school district a body politic and corporate, with power to sue and to be sued was not intended as waiver of the immunity of a school district from tort liability and does not have that effect. *Sherbert v. School District No. 85, Spartanburg County,* 169 S. C. 191, 168 S. E. 391 (1933). Article 5, Chapter 16, Title 21, Code of 1962, requiring insurance coverage of certain school bus

---

[1] The finding excepted to was that no facts were alleged "establishing malicious or bad faith conduct." It was apparently suggested by certain language in *Long v. Seabrook,* 260 S. C. 562, 197 S. E. 659 (1973). But in *Long,* a tort claim was asserted against members of the board of assessors individually, and it was to this claim that the language suggesting this finding was addressed.

related injuries, provides that any action for benefits shall be brought directly against the insurance carrier (Sec. 21-840.4), and that the statute should not be construed as a waiver of sovereign immunity (Sec. 21-840.6).

Since there has been no enactment of the General Assembly authorizing an action for wrongful death against a school district, the demurrer was properly sustained.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.

