19946

Veronica BELTON, by her Guardian ad Litem, Gladys Martin, Appellant, v. RICHLAND MEMORIAL HOSPITAL, f/d/b/a Columbia Hospital, Respondent.

(211 S. E. (2d) 241)

Messrs. *Lourie, Driane & Curlee,* of Columbia, *for Appellant,*

*Messrs. Richardson and Plowden,* of Columbia, *for Respondent,*

*Messrs. Lourie, Draine & Curlee, for Appellant,* in Reply. January 16, 1975.

*Per Curiam:*

This action in tort for personal injuries against Richland Memorial Hospital was commenced in 1974. The complaint alleges that soon after plaintiff's birth in the Columbia Hospital in January, 1954, by the gross, wanton and willful negligence of the defendant, its agents and employees, plaintiff's feet and legs were severely burned, causing her great pain and suffering and permanent disability.

The defendant, conceding that it is successor to and stands in the shoes of the Columbia Hospital but asserting as defenses to the action the doctrine of charitable and sovereign or governmental immunity, moved for summary judgment on both grounds. The circuit court granted the motion upon the ground that this action against the defendant, an agency of Richland County created by statute of the General Assembly, for the tort of its agents, is barred by the doctrine of sovereign immunity. Plaintiff has appealed to this Court.

Recognizing, as they must, that the doctrine relied upon by the circuit court is the law of this State and sustains the judgment appealed from, counsel for plaintiff ably and earnestly argue that our prior decisions should be overturned or modified so as to permit plaintiff to maintain this action. The narrow issue to be decided on this appeal is whether this should be done.

In *McKenzie v. City of Florence,* 234 S. C. 428, 108 S. E. (2d) 825 (1959), decided some four years after plaintiff's injuries were sustained, we rejected a similar plea by a plaintiff who undertook to sue the City of Florence for the allegedly tortious conduct of its police officers. The opinion of the Court, written by the present Chief Justice,

pointed out that the doctrine, first adopted in this jurisdiction in *Young v. Commissioners of Roads*, 2 Nott. *&* McCord (11 S. C. L.) 537 (1820), had been adhered to in an unbroken line of decisions, justifying "the conclusion that it is now agreeable to, and part of the public policy of the state." The court refused to overrule the doctrine, quoting with approval from *Rogers v. Florence Printing Company*, 233 S. C. 567, 106 S. E. (2d) 258 (1958), the following rationale:

" 'It is often the function of the courts by their judgments to establish public policy where none on the subject exists. But overthrow by the courts of existing public policy is quite another matter. That its establishment may have resulted from decisional, rather than statutory, law, is in our opinion, immaterial. Once firmly rooted, such policy becomes in effect a rule of conduct or of property within the state. In the exercise of proper judicial self-restraint, the courts should leave it to the people, through their elected representatives in the General Assembly, to say whether or not it should be revised or discarded.' " 108 S. E. (2d) at 828.

Again in *Chilton v. City of Columbia*, 247 S. C. 407, 147 S. E. (2d) 642 (1966), some twelve years after plaintiff's injuries were sustained, we were urged to abolish the doctrine of governmental immunity in an action for wrongful death. We refused to do so, stating, "In answer thereto, we merely point to the fairly recent case of *McKenzie v. City of Florence.*" 247 S. C. at 413, 147 S. E. (2d) at 645.

In numerous other cases since plaintiff's cause of action would have arisen but for the entrenched doctrine of immunity, we have recognized and applied it in bar of recovery by other litigants; for example, see the recent case of *Graham v. Charleston County School Board*, 262 S. C. 314, 204 S. E. (2d) 384 (1974).

We recognize that the doctrine of sovereign immunity has been assailed on many fronts and has been abolished or

modified in more than one-half of the states either by judicial decision or by statute. While we have serious reservations about the soundness and fairness of the doctrine and do not question the authority of the courts to abolish it, we adhere to the view that reform in this field should be left to the legislature. That body has not been unmindful of the problem and over the years has enacted a number of statutes waiving immunity in specified cases on stated terms and conditions.

Plaintiff has suggested that even if the court should refuse to abolish the doctrine, she should be afforded relief by its modification in certain respects. We are convinced, however, that our only rational alternatives on this record are to either abolish the doctrine or refuse to overturn our prior decisions. For the reasons already stated, we choose the latter course.

Affirmed.