Charles E. BUNTING and Kenneth Tyler, Plaintiffs,

v.

The CITY OF COLUMBIA, a Body Politic and Municipal Corporation, et al., Defendants.

Civ. A. No. 76–1370.

United States District Court,
D. South Carolina,
Columbia Division.

Oct. 29, 1976.

T. Travis Medlock, Columbia, S. C., for plaintiffs.

Roy D. Bates, Frank B. Gary, III, and Julian H. Gignilliat, Columbia, S. C., for defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS

HEMPHILL, District Judge.

This matter comes before the court upon motion of the defendants, styled "Notice of Motion to Dismiss Complaint or For Severance of Claims", which was accompanied by a Memorandum of Authorities and responded to by plaintiffs in a similar Memorandum. The case essentially involves an allegation by the two plaintiffs of wrongful discharge from their employment with the Columbia Police Department and seeks judgment reinstating them to their former employment positions and awarding them back pay. The plaintiffs' claim against the Mayor, City Council and other individual defendants is based on 42 U.S.C. § 1983 and is before the court through the jurisdictional grant of 28 U.S.C. § 1343(3). The claim against the City of Columbia, as a body politic, which is not available under § 1983 due to the Supreme Court's holdings in *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) and *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), is alleged as a direct constitutional damage action under the Fourteenth and First Amendments that should be heard under 28 U.S.C. § 1331. The plaintiffs assert that their discharge amounted to a deprivation of due process guaranteed them under the Fourteenth Amendment and an infringement of the rights of free speech and association which are theirs under the First and Fourteenth Amendments. This order addresses a single issue: Whether the defendant City of Columbia, as a body politic and municipal corporation, may be sued directly under the Fourteenth Amendment, or whether the action against it must be dismissed under Federal Rule of Civil Procedure 12(b)(6)?

While the *Monroe* and *Kenosha* cases, *supra*, establish that a municipality is not a proper "person" under 42 U.S.C. § 1983, the plaintiff argues that the holding of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) establishes a federal "common law" tort action based directly on the Constitution which may be brought against political subdivisions of the several states for constitutional deprivations. *See generally*, Dellinger, *Of Rights and Remedies: The Constitution as a Sword*, 85 Harv.L.Rev. 1532 (1972); Hundt, *Suing Municipalities Directly Under the Fourteenth Amendment*, 70 N.W.U.L.R. 770 (1976). In *Bivens*, the plaintiffs' house was illegally searched and he was falsely arrested and imprisoned by federal narcotic agents. He brought an action against them individually in Federal District Court under 42 U.S.C. § 1983 and its jurisdictional counterpart 28 U.S.C. § 1343(3); and under the Fourth Amendment directly, alleging jurisdiction as a claim arising under the Constitution of the United States authorized in 28 U.S.C. § 1331. The action against the officers under § 1983 was dismissed because that statute does not apply to actions taken under color of federal law. The Supreme Court held, however, that the plaintiff had stated a cause of action, stating:

[T]hat damages may be obtained for injuries consequent upon a violation of the Fourth Amendment by federal officials should hardly seem a surprising proposition. Historically, damages have been regarded as the ordinary remedy for an invasion of personal interests in liberty. . . . '[I]t is * * * well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done.' 403 U.S. at 395–396, 91 S.Ct. at 2004, quoting *Bell v. Hood*, 327 U.S. 678, 684, 66 S.Ct. 773, 90 L.Ed. 939 (1945).

It is the plaintiffs' contention that this holding has been or should be expanded to include municipal corporations which have been excluded from liability under 42

U.S.C. § 1983 through various interpretations of that statute. The court disagrees.

■ The relief granted the plaintiff in the *Bivens* case was required by the facts of that case. In *Bivens* the Supreme Court was faced with a plaintiff who had no remedy in damages against *federal* officers unless one was created for him out of the federal "common law". In the case before the court, Congress through the passage of 42 U.S.C. § 1983, has created a remedy whereby the plaintiffs may be awarded damages in actions against state officials who deny their constitutional rights. Since the present case deals with state rather than federal officers, the court feels compelled to require the plaintiffs to utilize the cause of action created by Congress rather than to judicially create a new one by expanding the *Bivens* doctrine.

In *Monroe v. Pape, supra*, the Supreme Court faced the question of whether municipalities should be included as "persons" under 42 U.S.C. § 1983 for the purpose of awarding damages against them for civil rights violations of their officials and employees. Mr. Justice Douglas, writing for the Court, delved extensively into the legislative history of the Civil Rights Act of 1871 and discovered an intense congressional hostility towards the creation of such a right of action against municipalities. 365 U.S. at 171–187, 81 S.Ct. 473. Accordingly, the Court found that § 1983 did not apply directly to municipalities in ·actions for damages under that statute. More recently, in *City of Kenosha v. Bruno, supra*, the Supreme Court upheld the decision of *Monroe v. Pape* and expanded it to include actions for equitable relief, once again citing strong congressional hostility for such actions.

The rationale behind the *Bivens* case was that Congress, through the general grant of jurisdiction found in 28 U.S.C. § 1331, authorized and intended courts to fashion a remedy to compensate the plaintiff for the constitutional wrong suffered by him at the hands of federal officers. The Court, however, limited its holding to those situations where Congress had failed to express a contrary intention,

> . . . [W]e have here no explicit congressional declaration that persons injured by a federal officer's violation of the Fourth Amendment may not recover money damages from the agents, but must instead be remitted to another remedy, equally effective in the view of Congress. 403 U.S. at 397, 91 S.Ct. at 2005.

Although Congress may well have intended to authorize such actions against federal officers, it is inconceivable, in light of the hostility Congress has displayed against damage actions against municipalities under § 1983, that they intended for substantially identical actions to be brought through another statute. The burden creating affirmative causes of action to enforce the Fourteenth Amendment falls on Congress, and it has declined to create a right of action directly against municipalities. In fact, Congress has expressed such severe opposition to such rights of action that it has been recognized by our Supreme Court on two occasions and thus must be recognized by this court at this time.

■ Other federal courts are in agreement with the rationale of this court's decision. The defendant City of Columbia cites two cases which appear to be directly on point as to the issue before the court, *Perzanowski v. Salvio*, 369 F.Supp. 223 (D.C.1974) and *Smetanka v. Borough of Ambridge, Pennsylvania*, 378 F.Supp. 1366 (D.C.1974). In the *Perzanowski* case, the plaintiffs brought an action for money damages against the City of New Britain, Connecticut, alleging that the City, in condemning and demolishing an unsafe structure, had deprived him of property without due process and just compensation. The district judge in that case, speaking of the Civil Rights Act of 1871 said

> Congress' unwillingness to include municipalities within the definition of the work 'person' in the Act selected as the primary instrument to enforce the Equal Protection Clause of the fourteenth amendment is clearly entitled to weight

in considering whether to imply remedy against a municipality for damages arising from an alleged violation of the Due Process Clause. 369 F.Supp. at 230.

In *Smetanka,* the court dismissed the plaintiff's First Amendment claim against a municipality on similar grounds. It should be noted at this point that, although the plaintiffs in these two cases failed to state a cause of action against the municipalities under Rule 12(b)(6), the district court did have jurisdiction to consider the case initially under § 1331 as a civil action arising under the Constitution. This is the result of a well established rule set down in *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1945), where the Supreme Court dealt with a claim similar to that presented in the *Bivens* case. The court, at that time, was unwilling to recognize a substantive right of action against federal agents. However, they held that jurisdiction based on a good faith claim under the Constitution or laws of the United States, could not be defeated by the fact that a valid cause of action may not lie under existing laws. The court said,

> Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. 327 U.S. at 682, 66 S.Ct. at 776.

Accordingly, in view of the plaintiff's allegations in this case, this court has taken jurisdiction under 28 U.S.C. § 1331.

The plaintiffs cite the Fourth Circuit case of *Cox v. Stanton,* 529 F.2d 47 (1975) as authority for the proposition that a political subdivision was a proper party in a damage action under the Thirteenth and Fourteenth Amendments. In that case, the Fourth Circuit, in dicta, recognized the case of *Brault*

*v. Town of Milton,* 527 F.2d 730 (2d Cir. 1975), as authority for the proposition,

> [T]hat 28 U.S.C. § 1331 sustains jurisdiction for a direct action under the fourteenth amendment against the municipality not subject to § 1983 suit. 529 F.2d at 50.

There is some ambiguity as to the meaning of this passage, in that it apparently is a simple recognition of the jurisdictional rule set forth in *Bell v. Hood, supra,* but the plaintiffs contend that it endorses the substantive cause of action that they allege. To resolve this question the court looks to the source of this comment, *Brault v. Town of Milton, supra.* In *Brault,* the Second Circuit, on rehearing *en banc,* agreed that jurisdiction was present under § 1331 but explicitly refused to decide whether or not the *Bivens* doctrine should be expanded. In other words, the *Brault* case made no disposition whatever of the question at issue in this case.[1] Therefore, this court can only conclude that the aforementioned language from the *Cox* case referred only to the question of whether or not jurisdiction existed originally under 28 U.S.C. § 1331. As previously noted this court has followed the ruling of the Fourth Circuit fully in that respect by initially taking jurisdiction over the present case. In *Reich v. City of Freeport,* 527 F.2d 666 (7th Cir. 1975) and *Dupree v. City of Chattanooga,* 362 F.Supp. 1136 (D.C.1973), both of which were cited by the plaintiffs, the relief sought was injunctive rather than damages, which is a factual differentiation which would make them inapplicable to the present case.

Therefore, for the reasons stated above, the action against the City of Columbia is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because on the face of the pleadings the plaintiffs have failed to

---

1. This fact was expressly recognized by the same circuit less than one year later in *Fine v. City of New York,* 529 F.2d 70, 76 (2d Cir. 1975). In speaking of *Brault,* the court said:

> Upon further examination of the record, the *en banc* court found it unnecessary to resolve the Fourteenth Amendment and several other issues raised by the parties.

*Brault v. Town of Milton,* 527 F.2d 730 (2d Cir. 1975) (en banc). The *en banc* majority, therefore, did not reach the underlying questions of substantive liability and municipal immunity under the Fourteenth Amendment. *See id.* at 741 (dissenting opinion). We, too, are of the view that we need not decide these difficult and troublesome constitutional questions at this juncture.

state a claim upon which relief can be granted.

AND IT IS SO ORDERED.