Linda BELCHER, Administratrix of the Estate of James Belcher, Plaintiff,

v.

The SOUTH CAROLINA BOARD OF CORRECTIONS, the South Carolina Department of Corrections, James B. Edwards, Individually and as an ex-officio member of the South Carolina Board of Corrections, W. M. Cromley, Jr., Individually and as Chairman of the South Carolina Board of Corrections, Mrs. Louis E. Condon, Individually and as Vice-Chairman of the South Carolina Board of Corrections, Clarence E. Watkins, Individually and as Secretary of the South Carolina Board of Corrections, Charles C. Moore, Individually and as a member of the South Carolina Board of Corrections, E. N. Zeigler, Individually and as a member of the South Carolina Board of Corrections, Norman Kirkland, Individually and as a member of the South Carolina Board of Corrections, William D. Leeke, Commissioner of the South Carolina Department of Corrections, Individually and as Commissioner, Hubert M. Clements and Charles A. Leath, Individually and as Deputy Commissioners of the South Carolina Department of Corrections, J. W. Strickland, Individually and as Director of the Division of Regional Operations for the South Carolina Department of Corrections, J. L. Harvey, Superintendent and/or Warden of Kirkland Correctional Center, Individually and in his official capacity, Samuel Jones, Individually and as Supervisor at the Kirkland Correctional Center, Wesley Jeffrey Dennis, Corrections Officer and/or guard, Individually and in his official capacity, Ronald Eugene Thornton, Corrections Officer and/or guard, Individually and in his official capacity, Phillips Foscue Corporation, Folger Adams Company, Palmetto Metal Products Inc., and McDevitt and Street Company, Defendants.

Civ. A. No. 77-2044.

United States District Court, D. South Carolina, Columbia Division.

May 19, 1978.

Theo Walker Mitchell, Andrew M. Jones, Jr., Mitchell & Joe, Greenville, S. C., Robert W. Mance, Columbia, S. C., for plaintiff.

Hoover C. Blanton, Whaley, McCutchen & Blanton, Columbia, S. C., for Folger Adam Co.

McNair, Konduros, Corley, Singletary & Dibble, Columbia, S. C., for Palmetto Products Inc.

Corrine G. Russell, C. Tolbert Goolsby, Jr., Deputy Attys. Gen., Karen LeCraft Henderson, Asst. Atty. Gen., Columbia, S. C., for all defendants except Phillips Foscue Corp., Folger Adams Co., Palmetto Metal Products Inc. and McDevitt & Street Co.

Charles Carpenter, Richardson, Plowden, Grier & Howser, Columbia, S. C., for Phillips Foscue Corp.

## ORDER ON MOTIONS TO DISMISS AND MOTIONS TO STRIKE

HEMPHILL, District Judge.

This matter comes before the court by virtue of several Motions to Dismiss and Motions to Strike filed on November 3, 1977 by various party-defendants.

This action allegedly arises over a tragic accident that occurred at the Kirkland Correctional Center in Columbia, South Carolina on August 16, 1975. Plaintiff's decedent, James D. Belcher, was an inmate at Kirkland housed in cell number thirteen in dormitory seven. Sometime between 12:00 o'clock midnight and 12:30 a. m. on the aforementioned date, a fire of unknown origin broke out in cell thirteen where he was incarcerated. Plaintiff alleges that no guard was in the building when the fire began. Defendant Ronald Eugene Thornton was the first guard to become aware of the fire and obtained the keys to cell thirteen from defendant Wesley Jeffrey Dennis, a guard assigned to dormitory seven. Soon after they entered the building, other guards came to assist. They attempted to open cell thirteen but their efforts failed. The intense heat caused the lock to expand and trapped decedent in his cell. When the cell door was finally opened, decedent and his cellmate were dead. It appeared that the bedding in the cell caught or was set on fire.

Plaintiff, widow of decedent, has brought suit against various state officials and agencies, individually and in their official capacity, on constitutional grounds, and has brought suit against several private companies under products liability theories. Plaintiff seeks relief under the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983 and § 1985 and the laws of the State of South Carolina.

## MOTION TO DISMISS

On November 3, 1977 the South Carolina Board of Corrections; The South Carolina Department of Corrections; James B. Edwards, an ex-officio member of the South Carolina Board of Corrections; W. M. Cromley, Jr., Chairman of the South Carolina Board of Corrections; Mrs. Louis E. Condon, Vice-Chairman of the South Carolina Board of Corrections; Clarence E. Watkins, Secretary of the South Carolina Board of Corrections; Charles C. Moore, E. N. Zeigler, and Norman Kirkland, members of the South Carolina Board of Corrections; William D. Leeke, Commissioner of the South Carolina Department of Corrections; Hubert M. Clements and Charles A. Leath, Deputy Commissioners of the South Carolina Department of Corrections; J. W. Strickland, Director of the Division of Regional Operations for the South Carolina Department of Corrections; J. L. Harvey, Superintendent and/or Warden of Kirkland Correctional Center; Samuel Jones, Supervisor at the Kirkland Correctional Center; Wesley Jeffrey Dennis and Ronald Eugene Thornton, Corrections Officers and/or Guards filed a Motion(s) to Dismiss citing numerous theories why plaintiff's complaint fails to state a claim.

The first issue to determine is whether plaintiff has standing to institute this action. Defendants insist that the decedent's federally created causes of action brought by plaintiff which are addressed to alleged tortious conduct affect the decedent's personal rights and do not survive his death.

In a federal civil rights action where the person who has been deprived of his rights has died, the action survives for the benefit of his estate if the applicable state law allows such an action. *Spence v. Staras,* 507 F.2d 554 (7th Cir. 1974); *Hall v. Wooten,* 506 F.2d 564 (6th Cir. 1974); *Brazier v. Cherry,* 293 F.2d 401 (5th Cir. 1961) cert. denied 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136; *Pritchard v. Smith,* 289 F.2d 153 (8th Cir. 1961). The Code of Laws of South Carolina provides for the survival of an action to recover for injuries to the

808

decedent while he was alive.[1] The only exceptions to the survival of causes of action are malicious prosecution. *Brown v. Bailey,* 215 S.C. 175, 54 S.E.2d 769 (1949); libel and slander, *Carver v. Morrow,* 213 S.C. 199, 48 S.E.2d 814 (1948); and fraud and deceit, *Mattison v. Palmetto State Life Ins. Co.,* 197 S.C. 256, 15 S.E.2d 117 (1941). As plaintiff's claim does not come within one of the exceptions and she is a proper party as Administratrix to pursue this claim, defendants' Motion to Dismiss is denied upon this ground.

Defendants assert that the court lacks jurisdiction over the subject matter in that, where monetary relief is sought, the Eleventh Amendment[2] precludes them from being sued as *alter egos* of the State of South Carolina.

While the Eleventh Amendment by its terms does not bar suits against a State by its own citizens, the United States Supreme Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Employees v. Department of Public Health and Welfare,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973); *Parden v. Terminal R. Co.,* 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); *Great Northern Life Insurance Co. v. Read,* 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944); *Duhne v. New Jersey,* 251 U.S. 311, 40 S.Ct. 154, 64 L.Ed. 280 (1920).

■ The court must make a determination of the status of the applicable state law to ascertain whether the State of South Carolina has consented to be sued. We find that they have not so consented as the

Supreme Court of the State of South Carolina has repeatedly ruled that the doctrine of sovereign immunity is the law of the State. *Belton v. Richland Memorial Hospital,* 263 S.C. 446, 211 S.E.2d 241 (1975); *Boyce v. Lancaster County Natural Gas Authority,* 266 S.C. 398, 223 S.E.2d 769 (1976); *McKenzie v. City of Florence,* 234 S.C. 428, 108 S.E.2d 825 (1959); *Graham v. Charleston County School Board,* 262 S.C. 314, 204 S.E.2d 384 (1974); *Young v. Commissioner of Roads,* 2 Nott. and McCord (11 SCL) 537 (1820).

The Supreme Court in *Edelman v. Jordan, supra,* stated:

It is also well established that even though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment. In *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945), the Court said:

"[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." Id., at 464, [65 S.Ct. at 350] 89 L.Ed. 389.

Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment. *Great Northern Life Insurance Co. v. Read, supra; Kennecott Copper Corp. v. State Tax Comm'n,* 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946).

415 U.S., at 663, 94 S.Ct. at 1355, 39 L.Ed.2d, at 672.

---

**1.** S.C.Code Ann. § 15–5–90 provides: Survival of right of action.

Causes of action for and in respect to any and all injuries and trespasses to and upon real estate and any and all injuries to the person or to personal property shall survive both to and against the personal or real representative, as the case may be, of a deceased person and the legal representative of an insolvent person or a defunct or insolvent corporation, any law or rule to the contrary notwithstanding.

**2.** U.S.Const. amend. XI provides: Suits against States

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

809

As the law appears well defined in this area, the court must dismiss The South Carolina Board of Corrections and The South Carolina Department of Corrections as parties as plaintiff seeks to impose a liability upon them which would require payment from public funds which is impermissible under the Eleventh Amendment.

The members of The South Carolina Board of Corrections, James B. Edwards, W. M. Cromley, Jr., Mrs. Louis E. Condon, Clarence E. Watkins, Charles C. Moore, E. N. Zeigler and Norman Kirkland, Commissioner of the Department of Corrections, William D. Leeke, Deputy Commissioners Hubert M. Clements and Charles A. Leath, Director of Regional Operations J. W. Strickland, Warden J. L. Harvey, Kirkland Center Supervisor Samuel Jones, and Guards Wesley Jeffrey Dennis and Eugene Ronald Thornton submit that the complaint fails to state a claim upon which relief can be granted because it does not appear upon the face of the complaint that any of them directly and wilfully participated in the deprivations of decedent's constitutional rights. They further submit that the doctrine of *respondeat superior* is inapplicable to 42 U.S.C. § 1983 and § 1985 actions for money damages.

The Fourth Circuit Court of Appeals recently addressed these issues in the case of *Vinnedge v. Gibbs,* 550 F.2d 926 (4th Cir. 1977) and stated:

Although § 1983 must be "read against the background of tort liability that makes a man responsible for the natural consequences of his actions," *Monroe v. Pape,* 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961), "[l]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section." *Bennett v. Gravelle,* 323 F.Supp. 203, 214 (D.Md.1971), aff'd 451 F.2d 1011 (4th Cir. 1971). Having failed to allege any personal connection between Gibbs and any denial of Vinnedge's constitutional rights, the action against him must

fail. Accord *Jennings v. Davis,* 476 F.2d 1271 (8th Cir. 1973); *Adams v. Pate,* 445 F.2d 105 (7th Cir. 1971).

550 F.2d, at 928.

A careful review of the complaint reveals that only Thornton and Dennis were personally involved in the fire. It appears that one of Thornton's duties as clockman was to make periodic checks of the prisoners. He was the first guard to discover the fire and obtained the keys to the cell from Dennis but the two were unable to unlock the cell due to heat expansion. The remainder of the individuals named are in various supervisory positions and do not appear to have any personal involvement with the alleged deprivation of rights. Under the doctrine set forth in *Vinnedge v. Gibbs, supra,* the individual defendants, with the exception of Dennis and Thornton who were personally involved, cannot be held liable under *respondeat superior.* However, in the interests of justice, the court feels as if it is a bit premature to dismiss plaintiff's 42 U.S.C. § 1983 claims against the individually named defendants. Each defendant who is not shown to have personally subjected the decedent to a deprivation of a constitutional right will be dismissed from this action upon proper motion, supported by affidavits. *Fowler v. South Carolina Board of Corrections, et al., supra.*

Plaintiff further alleges an action for conspiracy under 42 U.S.C. § 1985. Although the allegations of conspiracy are meager, the court again feels that it would be premature to dismiss the action, but does not preempt such motion(s) for summary judgment or dismissal at a later date.

Plaintiff submits that she has jurisdiction over defendants by bringing suit directly under the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States if defendants are not subject to a 42 U.S.C. § 1983 and § 1985 action. This court has previously ruled upon this issue and in *Fowler v. The South Carolina Board of Corrections, et al,* Slip Op. (D.S.C., Civil Action No. 77–1534, Order filed January 5, 1978) stated:

The plaintiff argues, however, that this Court has jurisdiction under 28 U.S.C. § 1331 to entertain against the Board, the Department and the state officials in both their official and individual capacities causes of action that are directly based upon the Fifth, Eighth, and Fourteenth Amendments. *Cf., Cox v. Stanton,* 529 F.2d 47 (4th Cir. 1975); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, [91 S.Ct. 1999,] 29 L.Ed.2d 619 (1971). To date, the Circuit Court of Appeals for the Fourth Circuit has yet to so hold; and this Court, in the recent past, has held that such a direct Constitutional damage action does not exist, either under the First and Fourteenth Amendments [*Bunting v. City of Columbia,* 423 F.Supp. 446 (D.S.C.1976)] or under the Fifth, Thirteenth and Fourteenth Amendments. *Sims v. Tinney,* Civil Action No. 77–908 (D.S.C., Order filed July 28, 1977). This Court now holds that the Eighth Amendment likewise does not create an independent cause of action for money damages which can be brought under 28 U.S.C. § 1331 against the State, its agencies, or any of its officials in either their official or individual capacities. Consequently, the claims of the plaintiff that are directly based upon the Fifth, Eighth, and Fourteenth Amendments are dismissed. The court follows the ruling enumerated in *Fowler* and holds that plaintiff's Fifth, Eighth and Fourteenth Amendment claims be stricken.

Defendants move to strike from the complaint the monetary *ad damnum* of "three million two hundred thousand ($3,200,000) dollars." Under *McGowan v. Gillenwater,* 429 F.2d 586 (4th Cir. 1970), this motion is proper and is therefore granted.

## CONCLUSION

1. Plaintiff is a proper party to maintain this action.

2. Defendants' South Carolina Board of Corrections and The South Carolina Department of Corrections are dismissed as parties.

3. Defendants' Motion to Strike the monetary *ad damnum* is granted.

AND IT IS SO ORDERED.