21474

Frank TUCKER, Guardian ad Litem for Regina Tucker, a minor over the age of fourteen (14) years, Appellant, v. KERSHAW COUNTY SCHOOL DISTRICT AND BOARD OF TRUSTEES, collectively and Mrs. Barbara F. Truesdell, Mr. R. C. Gainey, Mr. Jerry Horton, Mr. Dan McKittrick, Mr. Ernest W. Coker, Mrs. Doe W. DeBruhl, Mrs. Betty B. Burns, Mr. William S. Tetterton, Dr. Charles W. McGirt, as individuals and Sgt. Issac Thompson, a teacher, Mr. James G. McGirt, principal, and Mr. F. A. Snelgrove, superintendent, and Herman Jones, Jr., a minor over the age of fourteen (14) years, Respondents.

402

Frank TUCKER, Appellant, v. KERSHAW COUNTY SCHOOL DISTRICT AND BOARD OF TRUSTEES, collectively and Mrs. Barbara F. Truesdell, Mr. R. C. Gainey, Mr. Jerry Horton, Mr. Dan McKittrick, Mr. Ernest Coker, Mrs. Doe W. DeBruhl, Mrs. Betty B. Burns, Mr. William S. Tetterton, Dr. Charles W. McGirt, as individuals and Sgt. Issac Thompson, a teacher, Mr. James G. McGirt, principal, and Mr. F. A. Snelgrove, superintendent, and Herman Jones, Jr., a minor over the age of fourteen (14) years, Respondents.

(279 S. E. (2d) 378)

*Rex K. Pratt,* Elgin, and *Charles B. Baxley,* Lugoff, *for appellant.*

*Carl R. Reasonover,* Camden, *Charles E. Carpenter, Jr.,* and *George C. Beighley,* both of *Richardson, Plowden, Grier & Howser,* Columbia, and *Philip J. Pia,* Elgin, *for respondents.*

June 2, 1981.

*Per Curiam:*

These actions were brought by Frank Tucker individually and as guardian *ad litem* for his daughter Regina Tucker. Both suits arose as a result of injuries received by Regina when she was assaulted by fellow student Herman Jones, Jr. during a recreational class period at Lugoff-Elgin High School. Isaac Thompson was the teacher on duty during the incident. Jones and Thompson were named as defendants in the actions as were the school principal, the school district superintendent and the Kershaw County School District and Board of Trustees collectively as well as individually. Demurrers by the latter named defendants were entered on grounds of sovereign immunity. The trial judge sustained these. Tucker has appealed. We affirm.

In this jurisdiction neither the State nor any of its political subdivisions is liable in an action *ex delicto* unless express statutory provision to that effect has been made. Ths rule clearly applies to *ex delicto* actions brought against public school systems and school officials. *Graham v. Charleston County School Board,* 262 S. C. 314, 204 S. E. (2d) 384 (1974). Since no statutory provision applies, institution of these suits is barred. The appellant may proceed only against the remaining defendants.

LEWIS, C. J., and LITTLEJOHN, and GREGORY, JJ., concur.

NESS and HARWELL, JJ., dissent.

HARWELL, Justice (dissenting):

Being of the opinion that the judge-made doctrine of sovereign immunity is no longer justifiable, I respectfully dissent. I would reverse and remand.

NESS, J., concurs.