0733

RIEDMAN CORPORATION, Appellant v. Iris T. JAROSH, Respondent.

(345 S. E. (2d) 732)

Court of Appeals

*G. Ray Harris,* Spartanburg, *for appellant.*

*Harvey G. Sanders, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

Heard April 21, 1986.

Decided June 16, 1986.

CURETON, Judge:

Appellant Riedman Corporation brought an action for breach of a covenant not to compete. The trial judge sustained respondent Iris T. Jarosh's demurrer on the ground that no consideration supported the covenant. Riedman Corporation appeals. We reverse.

On October 1, 1979, Jarosh entered into a Solicitor's Agreement with Neuberger & Company, subsequently purchased by Riedman Corporation.[1] The agreement listed Jar-

---

[1] Jarosh demurred to the complaint on the ground that Riedman Corporation was not a party to the Solicitor's Agreement and therefore lacked standing to seek any benefits under the agreement. The trial judge rejected this agrument and no appeal was taken from this aspect of his order.

osh's duties as an insurance agent and stated that Neuberger would pay her "a salary and commission as agreed." The agreement further provided:

> for a period of two (2) years from the date of the termination of this agreement, she, the Solicitor, will not on his [sic] own association with any other person, firm, or corporation or in any manner solicit renewals of insurance of Neuburger & Company in a one hundred mile radius of Greenville, South Carolina, being the area in which she is to perform her duties as [sic] Solicitor.

* * * * * *

> This agreement supersedes all previous agreements, whether oral or written, between [Jarosh] and [Neuberger] and may be terminated by either party at any time upon written notice to the other.

The issue on appeal is whether the trial judge erred in sustaining Jarosh's demurrer on the ground of lack of consideration. When a party demurs to another party's pleadings, we must accept the allegations as true and give them a liberal construction.[2] *Oxman v. Sherman,* 239 S. C. 218, 226, 122 S. E. (2d) 559, 562-63 (1961); *Christiansen v. Campbell,* 285 S. C. 164, 328 S. E. (2d) 351 (Ct. App. 1985). A demurrer to a complaint cannot be sustained if facts sufficient to constitute a cause of action can be fairly gathered from the complaint, however uncertain, defective, or imperfect the allegations of the complaint may be. *Chilton v. City of Columbia,* 247 S. C. 407, 408, 147 S. E. (2d) 642, 643 (1966).

Riedman Corporation argues that the negatives covenant is enforceable because it is supported by valuable consideration described as a "reasonable expectation of ... benefits" We agree.

In the past, covenants not to compete were viewed as restraints on trade and were held to be void and against public policy. "The modern rule is that an anticompetitive covenant supported by consideration and ancillary to a lawful contract is enforceable if reasonable and consistent with

---

[2] The employment contract was incorporated into Jarosh's complaint.

the public interest." 54 Am. Jur. (2d) *Monopolies* Section 511 at p. 959 (1971). *See Restatement (Second) of Contracts* Section 187 (1981) ("A promise to refrain from competition that imposes a restraint that is not ancillary to an otherwise valid transaction or relationship is unreasonably in restraint of trade."). *See also* Annot., 62 A.L.R. 1014, 1020-21 (1975) (covenant not to compete is enforceable "if supported by consideration, ancillary to a lawful contract, and reasonable and consistent with the public interest . . .").

We have been unable to locate a South Carolina decision concerning the question of whether an at-will employment contract provides sufficient consideration for a covenant not to compete. While several courts have held that such a contract cannot support an anticompetitive covenant [*see Byram v. Vaughn*, 68 F. Supp. 981 (D.D.C. 1946)], numerous courts have enforced protective covenants where the consideration is based simply upon the at-will employment itself. *Licocci v. Cardinal Associates, Inc.*, 445, N .E. (2d) 556 (Ind. 1983); *Bailey v. King*, 240 Ark. 245, 398 S. W. (2d) 906 (1966); *National Linen Service Corp. v. Clover*, 179 Ga. 136, 175 S. E. 460 (1934); *Tolman Laundry v. Walker*, 171 Md. 7, 187 A. 836 (1936); *Sherman v. Pfefferkorn*, 241 Mass. 468, 135 N. E. 568 (1922). Moreover, several other courts have held that where the parties to a contract of employment have operated under the agreement for some period of time, the executed performance by the promisee of an ancillary agreement not to compete, supplies sufficient consideration for the agreement not to compete. *See Wright & Seaton, Inc. v. Prescott*, 420 So. (2d) 623 (Fla. Dist. Ct. App. 1982); *USA Chem. Inc. v. Lewis*, 557 S. W. (2d) 15 (Mo. Ct. App. 1977). Finally, some courts have held that an agreement on the part of the employer to give written notice of termination is sufficient consideration to support an employee's promise not to compete. *Wright & Seaton, Inc. v. Prescott*, 420 So. (2d) at 623. We hold that the pleadings in this case evince sufficient consideration for Jarosh's agreement not to compete.

Jarosh argues that there is no mutuality of consideration because Riedman Corporation could terminate his employment at any time. The terms "consideration" and "mutuality of obligation" are sometimes confused. Consideration is essential; mutuality of obligation is

not, unless the want of mutuality would leave one party without a valid or available consideration for his promise. The doctrine of mutuality of obligation appears therefore to be merely one aspect of the rule that mutual promises constitute considerations for each other. Since we find good and sufficient consideration, the contract is not lacking in mutuality of obligation. *USA Chem, Inc.*, 557 S. W. (2d) at 15. Because we find consideration for the agreement not to compete the order of the trial court is

Reversed.

GARDNER, and GOOLSBY, JJ., concur.