REGINA M. NAPOLITANI, Appellant, *v.*
VINCENT J. NAPOLITANI, Respondent.

No. 4492

June 12, 1962

372 P. 2d 206

*Babcock & Sutton,* of Las Vegas, for Appellant.

*John Peter Lee,* of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, C. J.:

Regina has appealed from a judgment of divorce in favor of her husband Vincent. While she lists five assignments of error, four of them have to do with Vincent's

provocation of Regina's conduct and his alleged condonation of her acts of cruelty, and with the sufficiency of the evidence to sustain the findings of cruelty on the part of Regina. The remaining assignment is that the trial court "abused its discretion in applying the doctrine of comparative rectitude."

The parties were married in Las Vegas, Nevada, January 25, 1960. Vincent had lived there since 1953, pursuing his trade as a bartender. In 1959 he met Regina in New Jersey, the parties corresponded, and Regina came to Las Vegas on January 17, 1960, where the parties were married the following week. Vincent was a widower, with two teen-age boys.

(1) The marriage was a stormy one. The court had before it ample evidence to support a conclusion that either party was entitled to a decree of divorce on the ground of extreme cruelty, physical as well as mental. She scored a hit on him with a flatiron; he beat her to the extent that she required hospitalization. She indicated that she still loved him, forgave him for everything, and desired a reconciliation. To him this was unthinkable.

On all points as to which Regina asserts there is a lack of evidence to support the court's findings (cruelty on her part, lack of provocation on Vincent's part, lack of condonation by Vincent by the asserted sexual intercourse of the parties following Regina's acts of cruelty) the evidence was in conflict, but there was substantial evidence to support the findings.

(2) At the conclusion of the testimony the court said: "This appears to be one of those unfortunate situations. It doesn't appear necessarily to arise out of the original fault of either party. It is not easy for a woman to walk into an established family situation, particularly where she has had no prior experience. I feel that there has been fault on both sides here, and I believe firmly that the ends for which this marriage was originally entered into have fallen apart, and I don't believe it would serve any social purpose or any purpose to the plaintiff or the defendant that this marriage continue." The court then inquired of Regina's

counsel as to the possibility that Regina would amend her cross-complaint so as to seek a divorce instead of asking for separate maintenance. Her counsel replied: "Your Honor, I have often inquired of the defendant as to whether or not she wanted a divorce and I have, in fact, advised her of the rule of law in this State that the Court very easily, if there is fault on the part of each of the parties, for the best interest of society to dissolve the marriage and she has, notwithstanding that advice, repeatedly informed me that she would not in any sense of the word, particularly by reason of religious beliefs, seek a divorce."

After commenting on this, the learned trial judge proceeded: "First I might say this—on the face of it I think the plaintiff has been guilty of cruelty. He has admitted on the stand that he struck the defendant, even though he stated that there was provocation; however, it appears clear to me that there is ample evidence of at least mental cruelty on the part of the defendant.

"In view of the fact that Mrs. Napolitani does not and refuses to accept a divorce, I certainly cannot force her to.

"A decree of absolute divorce will be entered in favor of the plaintiff Vincent Napolitani."

Under the facts our present statute is ample justification for the findings and judgment. NRS 125.120 reads as follows: "Parties to whom court may grant divorce. In any action for divorce when it shall appear to the court that both husband and wife have been guilty of a wrong or wrongs which may constitute grounds for a divorce, the court shall not for this reason deny a divorce, but in its discretion may grant a divorce to the party least in fault, if both parties seek a divorce, otherwise to the party seeking the divorce, even if such party be the party most at fault."

Recrimination has its basis in the clean hands doctrine of equity. Divorce being an equitable remedy, the

plaintiff was required to be blameless in order to obtain relief in the divorce court. Proof by the defendant that the plaintiff was also guilty of wrong invoked the rule of recrimination and the plaintiff was denied relief. The doctrine of comparative rectitude repudiated this principle. Blankenship v. Blankenship, 51 Nev. 356, 276 P. 9, 63 A.L.R. 1127; Keezer, Marriage and Divorce, sec. 497, 3rd Ed. (1946). Blankenship was decided in 1929 and was followed by the enactment of NRS 125.120 in 1931 and its amendment in 1957 and 1959 as above noted. For a further consideration of the doctrine see Herrick v. Herrick, 55 Nev. 59, 25 P.2d 378 (1933); Jeffers v. Jeffers, 55 Nev. 201, 29 P.2d 351 (1934); Lamb v. Lamb, 57 Nev. 421, 65 P.2d 872 (1937); and Gabler v. Gabler, 72 Nev. 325, 304 P.2d 404 (1956). Finally in Sisson v. Sisson, 77 Nev. 478, 367 P.2d 98 (1961), this court, after discussing the "least in fault" doctrine followed in Gabler v. Gabler, supra, remarked: "The comparative rectitude statute has, since Gabler v. Gabler, supra, been amended to permit one who is most at fault to obtain a divorce if that person is the only one seeking a divorce."

There was, in our opinion, no abuse of the court's discretion in applying that doctrine.

Affirmed. No costs are allowed.

McNAMEE and THOMPSON, JJ., concur.