## ELIZABETH S. THURSTON, Appellant, v. RAYMOND L. THURSTON, Respondent.

No. 6291

July 13, 1971 487 P.2d 342

*Emilie N. Wanderer,* of Las Vegas, for Appellant.

*George Rudiak,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, C. J.:

This appeal involves a divorce action commenced May 23, 1969. The parties were both 57 years old and had been married 34 years at that time. The action was instituted by the respondent and was opposed throughout by the appellant, though she did counterclaim for separate maintenance two days before the trial.

The respondent based his plea for divorce on the assertion that he and Mrs. Thurston were incompatible. Shortly before the trial he added the ground of one year's voluntary separation. The appellant founded her counterclaim upon the asserted extreme cruelty of the respondent. Part of the contentions on appeal involve the propriety of the lower court's granting the divorce to Dr. Thurston in light of these assertions as they were proven at the trial.

Also contested at length on this appeal is the property distribution ordered by the court below. Both the respondent's complaint and the appellant's cross-complaint sought "equitable" division of the substantial property held by the parties. The lower court in its findings of fact explicitly acknowledged that it was attempting to make an equitable distribution. Appellant asserts here, however, that the distribution was not equitable.

1. We first address the question of jurisdiction. Appellant

contends that the respondent did not adequately show the requisite six weeks' residency in Nevada. NRS 125.020(e). Her contention is that the corroboration requirement of NRS 54.010 was not satisfied.

The lower court found that the corroboration was satisfactory, however, and the record supports this finding. Dr. Thurston introduced testimony of a neighbor who said he either saw or phoned Dr. Thurston every day during the six weeks preceding May 23, 1969. Because the record supports the finding of proper residency, we will not disturb that finding. NRCP 52(a).

2. Similarly, the "just and equitable" nature of the distribution of property under NRS 125.150 is amply supported by the record. Though Mrs. Thurston complains of the value attributed to certain assets by the court it is noteworthy that she attempted to prove no different value than that shown by her husband's proof. Though that proof was, indeed, meager it stood unimpeached at the trial and as such is adequate to support the evaluation and distribution. The record shows that the over $300,000 in assets which Mrs. Thurston received constituted more than half the property of the parties, and was capable of producing a substantial yearly income. We cannot disagree with the lower court's finding that such a distribution is "just and equitable." *Cf.* Freeman v. Freeman, 79 Nev. 33, 378 P.2d 264 (1963).

3. Appellant maintained throughout this action that reconciliation was possible. She opposed the divorce action and at no time did she seek divorce, though she did seek separate maintenance. She now urges that the divorce was improperly granted Dr. Thurston, first, because he failed to prove incompatibility, and second, because he was most at fault.

Again, the record supports the finding of the lower court and for that reason we decline to reverse. Ample testimony and documentary evidence supports the assertion of incompatibility. Moreover, much of Mrs. Thurston's argument on this issue on appeal relies on depositions and exhibits thereto which we have not considered because these depositions were not employed or published at the trial.

Further, we cannot agree with Mrs. Thurston's assertion that

NRS 125.120 precludes the result here.[1] The language of the statute is clear; since Mrs. Thurston did not seek divorce, the court was empowered to grant a divorce to Dr. Thurston even if it found him most at fault. Napolitani v. Napolitani, 78 Nev. 323, 372 P.2d 206 (1962).

4. Appellant also argues that her motion for new trial was improperly denied. Much of the basis for the motion consisted of factual arguments discussed above and need not be discussed further. Also, part of the basis for the motion was the assertion that Dr. Thurston's failure to list about $7,000 worth of stock required a new trial. The lower court felt this failure was in good faith and did not feel the resultant change in the value of the distributed property made the distribution inequitable. We cannot say the court erred in light of the record.

5. Other assertions of error are raised only in the reply brief without citation of authority and with little argument. Because of this and because the errors asserted are not clearly unmistakable and compelling, we do not address them. Ellison v. State, 87 Nev. 4, 479 P.2d 461 (1971); Smithart v. State, 86 Nev. 925, 478 P.2d 576 (1970); Nevada Ind. Comm'n v. Bibb, 78 Nev. 377, 374 P.2d 531 (1962).

Affirmed.

BATJER, MOWBRAY, and THOMPSON, JJ., and WATERS, D. J., concur.

---

[1]NRS 125.120 *Parties to whom court may grant divorce.* In any action for divorce when it shall appear to the court that both husband and wife have been guilty of a wrong or wrongs which may constitute grounds for a divorce, the court shall not for this reason deny a divorce, *but in its discretion may grant a divorce to the party least in fault, if both parties seek a divorce, otherwise to the party seeking the divorce, even if such party be the party most at fault.* (Emphasis added.)