Floyd PETERSON, Plaintiff-Appellant,

v.

The STATE OF TEXAS, Texas Youth Council, Ron Jackson, Jerry Day, Allen B. Spearman, Dennis McIntire, Billy Rodriguez and Mark Hester, Defendants-Appellees.

No. 80CA1128.

Colorado Court of Appeals, Div. II.

Sept. 10, 1981.

Law office of Richard P. Tisdel, James R. Fish, Jr., Ouray, for plaintiff-appellant.

Mark White, Atty. Gen. of Tex., John W. Painter, Jr., First Asst. Atty. Gen., Richard E. Gray III, Executive Asst. Atty. Gen., Paul R. Gavia, Chief, State and County Affairs, Susan J. Däsher, Asst. Atty. Gen., Austin, Tex., Dufford, Waldeck, Ruland, Wise & Milburn, Amanda D. Bailey, Grand Junction, for defendants-appellees the State of Tex., Texas Youth Council, Ron Jackson, Jerry Day, Allen B. Spearman and Dennis McIntire.

No appearance for defendants-appellees Billy Rodriguez and Mark Hester.

TURSI, Judge.

Floyd Peterson appeals a summary judgment dismissing his complaint against the defendants. We reverse.

Peterson in his complaint alleges that defendants Rodriguez and Hester, while in Colorado on a juvenile rehabilitation program sponsored by the Texas Youth Council, stole his motor vehicle, doing substantial damage to the vehicle and converting certain of his personal property. He further alleges that defendant McIntire, who was in charge of the program in Colorado as an agent of the State of Texas and the Texas Youth Council, was negligent in his supervision of Rodriguez and Hester.

The Texas Attorney General filed a special appearance to challenge jurisdiction, a motion to dismiss, an answer, and a demurrer on behalf of the State of Texas, the Texas Youth Council, Ron Jackson, Jerry Day, Allen B. Spearman, and Dennis McIntire. The defendants acknowledged that *Nevada v. Hall*, 440 U.S. 410, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979) holds that one state may be sued in the courts of another state. But, they argue that this holding should be limited to factual situations involving automobile collisions.

In this case of first impression in Colorado, the trial court properly held that *Nevada v. Hall, supra,* should not be construed so narrowly. However it then dismissed the complaint against all defendants, reasoning that since the Governmental Immunity Act, § 24–10–101 et seq., C.R.S.1973, grants immunity to Colorado public entities unless legislatively waived within the act, comity requires the same immunity be granted sister states. The trial court concluded that the waiver of immunity in § 24–10–106(1)(b), C.R.S.1973 (1980 Cum.Supp.) does not apply to juvenile facilities.

In *Hall v. Nevada*, 8 Cal.3d 522, 105 Cal.Rptr. 355, 503 P.2d 1363 (1973) *affirmed* in *Nevada v. Hall, supra,* the California court held:

"We have concluded that sister states who engage in activities within California are subject to our laws with respect to those activities and are subject to suit in California courts with respect to those activities. When the sister state enters into activities in this state, it is not exercising sovereign power over the citizens of this state and is not entitled to the benefits of the sovereign immunity doctrine as to those activities unless this state has conferred immunity by law or as a matter of comity."

After citing various case authority, the California court went on to say:

"Although these cases involve enforcement of property duties rather than in personam jurisdiction and a transitory action, they reflect that state sovereignty ends at the state boundary."

■ We approve the reasoning of the California court and hold that where the injured party is a citizen of this state, injured in this state and sues in the courts of this state, there is no immunity, by law or as a matter of comity, covering a sister state activities in this state. *Hall v. Nevada, supra; Nevada v. Hall, supra.*

Because of our disposition of this matter as set forth above, we do not reach the question of whether governmental immunity applies to juvenile facilities.

■ Next, we hold the court's dismissal of the action against McIntire based upon his individual negligence does not come within the Governmental Immunity Act and, therefore, was erroneous. *See Liber v. Flor,* 143 Colo. 205, 353 P.2d 590 (1960). Similarly, under no theory of the case could the alleged individual liability of Rodriguez and Hester come under the Governmental Immunity Act, and the dismissal of the action against them was also erroneous.

The judgment is reversed and the cause is remanded to the trial court with orders to reinstate plaintiff's complaint against all the named defendants.

PIERCE and STERNBERG, JJ., concur.