B. MIANECKI, AND THE STATE OF WISCONSIN, PETITIONERS, *v.* SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, AND THE HONORABLE JOHN E. GABRIELLI, RESPONDENTS, LINDA A. AVERETT AND STANLEY E. AVERETT, INDIVIDUALLY; AND LINDA C. AVERETT, AS MOTHER AND GUARDIAN OF TRENT AVERETT, A MINOR CHILD, REAL PARTIES IN INTEREST.

No. 14180

February 16, 1983                    658 P.2d 422

*Woodburn, Wedge, Blakey and Jeppson,* and *William E. Peterson,* Reno, for Petitioners.

*Petersen & Petersen,* Reno, for Respondents.

## OPINION

By the Court, STEFFEN, J.:

Petitioners, by this original proceeding in prohibition, ask us to overturn the district court's order denying petitioners' motion to quash service of summons and complaint filed by the Averetts, the real parties in interest. We have considered each of petitioners' contentions and have concluded that the district court did not err in denying petitioners' motion.

The factual scenario giving rise to the Averetts' complaint has interstate implications of substantial magnitude. According to the allegations of the complaint, a convicted sex offender, Barney Blake, was placed on probation for the first

degree sexual assault of a young boy in Wisconsin. Blake was to be under the supervision of the Wisconsin Division of Corrections during his four year period of probation. At some point during that period, Blake sought and received approval from the Division of Corrections to permanently relocate in Nevada. Shortly after his arrival in this state, Blake moved in with the Averetts, who were uninformed of his history of sexual aberrations and criminal conduct. Eventually, Blake victimized the minor son of the Averetts.

The complaint alleged that petitioners violated certain provisions of the Interstate Compact for the Supervision of Parolees and Probationers[1] and, in addition, set forth two causes of action in negligence: (1) failure to warn the Averetts of Blake's sexual propensities; and (2) failure to supervise properly and control Blake's activities.

Petitioners, the State of Wisconsin and B. Mianecki,[2] seek avoidance of Nevada jurisdiction under the doctrines of sovereign immunity, full faith and credit, and comity. There are compelling reasons why we cannot accept the propositions asserted by Mianecki and our sister state, Wisconsin.

All parties agree that the landmark decision of Nevada v. Hall, 400 U.S. 410 (1978), is dispositive of the sovereign immunity issue. Each, however, interprets *Hall* in a different light, consistent with its respective position. The *Hall* case arose in California, where an employee of the University of Nevada, traveling by automobile on official business, negligently injured several California residents. Action was instituted in California against the State of Nevada and its employee. Nevada moved unsuccessfully to quash service and dismiss the action on grounds of sovereign immunity. The California Supreme Court held that the State of Nevada enjoyed no immunity in the courts of California. Hall v. Nevada, 503 P.2d 1363 (Cal. 1973), *aff'd,* Nevada v. Hall, *supra.* The United States Supreme Court affirmed the California court, holding that the sovereign immunity doctrine, which, absent consent, precludes actions against a state in its own courts, provides no such immunity in the courts of another state.

Other jurisdictions which have applied *Nevada v. Hall* have reached the same result. *See, e.g.,* Peterson v. State of Tex., 635 P.2d 241 (Colo.App. 1981); Daughtry v. Arlington County, Va., 490 F.Supp. 307 (D.D.C. 1980); and Wendt v.

[1]NRS 213.180 *et seq.*

[2]B. Mianecki is employed by the State of Wisconsin as a "compact specialist." He is also the individual who actually approved Blake's travel permit.

County of Osceola, Iowa, 289 N.W.2d 67 (Minn. 1979). The *Peterson* case is analogous to the instant action. There, the plaintiff, a Colorado resident, brought an action in Colorado against the State of Texas and its agent. The complaint alleged that the plaintiff's automobile was stolen and damaged by two juveniles who were in Colorado on a juvenile rehabilitation program sponsored by the Texas Youth Council. It was further alleged that the person in charge of the program in Colorado, as an agent of the State of Texas, and the Texas Youth Council were negligent in the supervision of the two juveniles. The State of Texas challenged jurisdiction of the Colorado court arguing that *Nevada v. Hall* should be limited to factual situations involving automobile collisions. The Colorado court in *Peterson* disagreed and held as follows:

> We approve the reasoning of the California court and hold that where the injured party is a citizen of this state, injured in this state and sues in the courts of this state, there is no immunity, by law or as a matter of comity, covering a sister state activities in this state. Hall v. Nevada, *supra;* Nevada v. Hall, *supra.*

635 P.2d at 243.

Based on the above authority, we conclude that petitioners are not immune from suit in this jurisdiction.

Since Wisconsin has not seen fit to waive its immunity, the question remains as to whether this state should grant full faith and credit to Wisconsin's reservation of such immunity. According to *Nevada v. Hall,* questions of interstate suability must be determined under the law of the forum. Furthermore, "[t]he Full Faith and Credit Clause does not require a State to apply another State's law in violation of its own legitimate public purpose." 440 U.S. at 442. Therefore, we must ascertain Nevada's policies and determine whether this state would permit itself to be sued if it had engaged in the conduct assigned to Wisconsin in the present action.

The State of Nevada has waived its sovereign immunity by the enactment of NRS 41.031.[3] However, immunity has been retained with respect to claims arising out of conduct which is deemed to be discretionary rather than operational. NRS

---

[3]NRS 41.031 provides:

The State of Nevada hereby waives its immunity from liability and action and hereby consents to have its liability determined in accordance with the same rules of law as are applied to civil actions against natural persons. . . .

41.032(2).[4] *See also* Andolino v. State, 97 Nev. 53, 624 P.2d 7 (1981). In the instant case, the adoption of the Interstate Compact for Supervision of Parolees and Probationers by Nevada and Wisconsin constituted, in each instance, a discretionary act for which each state would maintain immunity because the act of adopting rules and regulations is a discretionary function. Upchurch v. State, 454 P.2d 112 (Hawaii 1969). However, the Averetts do not attribute their injuries to the discretionary act of adopting the compact or the decision to transfer Blake to Nevada. The gravamen of their claim against petitioners is based upon the negligent performance of operational acts by the Wisconsin Division of Correction in effectuating the transfer and placement of Blake in Nevada. The allegations of failure to investigate where Blake would be living and to warn the Averetts of the nature of Blake's prior offense refer to operational deficiencies for which immunity has been waived. *See* Silva v. State, 86 Nev. 911, 478 P.2d 591 (1970); *see also* Johnson v. State, 447 P.2d 352 (Cal. 1968). We thus conclude that if the acts complained of had been committed by the Nevada Department of Parole and Probation, sovereign immunity would not bar suit against Nevada. NRS 41.032(2). Therefore, under Nevada v. Hall, *supra,* Nevada as the forum state is not required to honor Wisconsin's claim of sovereign immunity, especially in light of the fact that Nevada has a paramount interest in protecting its citizens from individuals who have been convicted of criminal offenses. Furthermore, we reject petitioners' argument that the purpose and policies of the compact would be frustrated if Nevada is permitted to assert jurisdiction. On the contrary, assertion of jurisdiction should encourage compliance with the compact and promote its policies inasmuch as "[t]he prime purpose of both probation and parole is the protection of the community through the rehabilitation of those convicted of crime [and] the success of both procedures depends on adequate control of those who are released and intelligent supervision while under care." Council of State Government, *Handbook of Interstate Crime Control,* the Interstate Compact for Supervision of Parolees and Probationerss, page 1 (1978 ed.). Accordingly, we hold that petitioners are not immune from suit in Nevada.

The final issue for our consideration is whether Nevada

---

[4]NRS 41.032(2) provides:

No action may be brought . . . which is based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty. . . .

should decline to exercise jurisdiction as a matter of comity. In general, comity is a principle whereby the courts of one jurisdiction may give effect to the laws and judicial decisions of another jurisdiction out of deference and respect. Brown v. Babbitt Ford, Inc., 571 P.2d 689, 695 (Ariz. 1977). The principle is appropriately invoked according to the sound discretion of the court acting without obligation. Id.; see also City of Philadelphia v. Austin, 429 A.2d 568 (N.J. 1981). "[I]n considering comity, there should be due regard by the court to the duties, obligations, rights and convenience of its own citizens and of persons who are within the protection of its jurisdiction." State ex rel. Speer v. Haynes, 392 So.2d 1183, 1185 (Ala.Civ.App. 1979), rev'd on other grounds, 392 So.2d 1187. With this in mind, we believe greater weight is to be accorded Nevada's interest in protecting its citizens from injurious operational acts committed within its borders by employees of sister states, than Wisconsin's policy favoring governmental immunity. Therefore, we hold that the law of Wisconsin should not be granted comity where to do so would be contrary to the policies of this state.

Accordingly, the writ of prohibition is denied.

MANOUKIAN, C. J., SPRINGER and MOWBRAY, JJ., and ZENOFF, SR. J.,[5] concur.

---

[5]The Chief Justice assigned SENIOR JUSTICE DAVID ZENOFF to participate in the decision of this matter, in the place and stead of E. M. GUNDERSON, Justice, pursuant to the Nevada Const., art. 6, § 19(1)(a) and 19(1)(c), and SCR 10.