283 S.C. 312 (1984)
322 S.E.2d 212
Martha NEWBERRY, Plaintiff-Respondent,
v.
GEORGIA DEPARTMENT OF INDUSTRY AND TRADE, Shopsmith Woodworking Productions, Inc., d/b/a Encore Productions, and Columbia Mall, Defendants, of whom Shopsmith Woodworking Productions, Inc., d/b/a Encore Productions and Columbia Mall are also Respondents, and Georgia Department of Industry and Trade is Appellant. Appeal of GEORGIA DEPARTMENT OF INDUSTRY AND TRADE.
0296
Court of Appeals of South Carolina.
Heard June 20, 1984.
Decided October 9, 1984.
*313 Charles E. Carpenter, Jr. and R. Davis Howser, Richardson, Plowden, Grier & Howser, Columbia, for appellant.
*314 D. Michael Kelly and Kenneth M. Suggs, Ken Suggs-Mike Kelly, Lawyers, P.A., James W. Alford, Alford, Johnson & Salane, and Edwin P. Martin, Turner, Padget, Graham & Laney, Columbia, for respondents.
Heard June 20, 1984.
Decided Oct. 9, 1984.
CURETON, Judge:
This case presents a single issue: May an agency of the State of Georgia, sued in the courts of this state for an alleged tort committed in this state, avail itself of the doctrine of sovereign immunity from liability. The circuit court decided that it could not. We agree and affirm.
The facts are simple. The respondent, Martha Newberry, a resident of Maryland, brought an action in the Richland County Court of Common Pleas against several entities including the appellant, Georgia Department of Industry and Trade (Georgia), which is a unit of the Georgia government. She alleged she suffered bodily injuries when she tripped and fell over an electrical cord while visiting a trade show at Columbia Mall. She further alleged that Georgia had negligently placed the cord in front of its tourist exhibit and was therefore liable for her injuries.
Georgia demurred to the complaint on the ground of sovereign immunity. The circuit court overruled the demurrer on the authority of Nevada v. Hall, 440 U.S. 410, 99 S.Ct. 1182, 59 L.Ed. (2d) 416 (1979), which held that absent forum state recognition of a sister state's sovereign immunity as a matter of comity, the forum state may constitutionally entertain suits in its courts against a sister state.
On appeal, Georgia contends first that South Carolina is bound by the Full Faith and Credit Clause of the United States Constitution to recognize Georgia's doctrine of sovereign immunity which is firmly embedded in its decisional law and now constitutes a part of its constitution.[1]National *315 Distributing Co. v. Department of Transportation, 248 Ga. 451, 283 S.E. (2d) 470 (1981); Meadows Motors, Inc. v. Department of Administrative Services, 141 Ga. App. 224, 233 S.E. (2d) 14 (1977).
The Full Faith and Credit Clause, Article IV, Section 1 of the Constitution, provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State ...." Assuming without deciding that Georgia's doctrine of sovereign immunity as embodied in its law or its constitution is a "public act, record or judicial proceeding,"[2] we hold that the Full Faith and Credit Clause does not require the courts of South Carolina to grant it full faith and credit.
The United States Supreme Court has long held that the Full Faith and Credit Clause is not "an inexorable and unqualified command." Pink v. A.A.A. Highway Express, 314 U.S. 201, 210, 62 S.Ct. 241, 246, 86 L.Ed. 152 (1941). Forum states are not bound to apply the law of a sister state if that law violates the forum state's own public policy. Nevada v. Hall, supra; see also, Mianecki v. Second Judicial District Court, 658 P. (2d) 422 (Nev. 1983); Ehrlich-Bober & Co. v. University of Houston, 49 N.Y. (2d) 574, 427 N.Y.S. (2d) 604, 404 N.E. (2d) 726 (1980).
Georgia argues, however, that South Carolina's application of Georgia's doctrine of sovereign immunity would violate no public policy of South Carolina since South Carolina also extends immunity to itself as the sovereign.
Although the General Assembly has created several exceptions to the doctrine of sovereign immunity and although it has been repeatedly called into question by our Supreme Court, the sovereign immunity of the State from liability absent its consent is still the law of South Carolina. See Copeland v. Housing Authority of Spartanburg, S.C. 316 S.E. (2d) 408 (1984); Belue v. City of Spartanburg, 276 S.C. 381, 280 S.E. (2d) 49 (1981). This fact, however, affords no support for a claim of immunity by a sister state sued in the *316 courts of South Carolina. Nevada v. Hall, 440 U.S. at 416, 99 S.Ct. at 1186. Historically, the sovereign, as the author of the laws upon which its subjects sued, could not itself be the object of such a suit in its own courts. Id. at 416, 99 S.Ct. at 1186. South Carolina's unique relationship as sovereign to its citizens and those within its borders is the basis upon which it accords itself immunity. Georgia, exercising no sovereign power over persons in South Carolina, cannot rest its claim for immunity on the fact that South Carolina extends immunity to itself.
Likewise, Georgia wrongly concludes from the fact South Carolina courts afford immunity to the sovereign that to apply Georgia's doctrine of sovereign immunity would violate no public policy of South Carolina. It is not to our laws regarding the commission of torts by our sovereign that we look to determine South Carolina's public policy with respect to recognizing Georgia's claim of immunity since Georgia is not a sovereign in relation to persons in South Carolina. Nevada v. Hall, supra. Rather, our public policy is found in the state's constitution, statutes and decisional law regarding the liability of nonresidents for the commission of tortious acts in the state. Batchelor v. American Health Insurance Co., 234 S.C. 103, 107 S.E. (2d) 36 (1959).
The South Carolina long-arm statute, S.C. Code Ann. Section 36-2-803 (1976), provides:
(1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the persons's
(a) transacting any business in this State;....
(c) commission of a tortious act in whole or in part in this state....
Code Section 36-2-801 defines a "person" as "any ... legal or commercial entity, whether or not a citizen or domiciliary of this State and whether or not organized under the laws of this State." As a matter of policy, the long-arm statute was intended to extend the jurisdiction of the courts of this state as far as due process allows. Cozi Investments v. Schneider, 272 S.C. 354, 252 S.E. (2d) 116 (1979). Clearly, Georgia's conduct in South Carolina in this instance brings Georgia within the jurisdiction of the courts of this state.
*317 Moreover, the policy of this state to limit the application of all types of immunities is clearly revealed in the decisions of our Supreme Court. In Belton v. Richland Memorial Hospital, 263 S.C. 446, 451, 211 S.E. (2d) 241 (1975), the Court expressed "serious reservations about the soundness and fairness" of the doctrine of sovereign immunity.
Additionally, Mr. Justice Ness, writing for the majority in Fitzer v. Greater Greenville South Carolina Young Men's Christian Association, 277 S.C. 1, 3, 282 S.E. (2d) 230 (1981), noted "[t]here is no tenet more fundamental in our law than [that] liability follows the tortious wrongdoer." Quoting from Brown v. Anderson County Hospital Association, 268 S.C. 479, 234 S.E. (2d) 873 (1977), he further stated:
"`The rule of immunity is out of step with the general trend of legislative and judicial policy in distributing losses incurred by individuals through the operation of an enterprise among all who benefit by it rather than in leaving them wholly to be borne by those who sustain them.' President and Directors of Georgetown College v. Hughes, 76 U.S. App. D.C. 123, 130 F. (2d) 810 (1942)."
Fitzer 277 S.C. at 3, 282 S.E. (2d) 230.
Expressing the opinion that "[r]eliance on the indiscriminate application of the ancient doctrine [of sovereign immunity] to thwart compensation for an injured party is not in keeping with public policy," Justice Ness articulated that policy in his dissent to Boyce v. Lancaster County Natural Gas Authority, 266 S.C. 398, 407, 223 S.E. (2d) 769 (1976):
Public convenience can no longer outweigh individual compensation for injuries sustained through the negligence of ... government. It is a sound principle of law that one who negligently causes injury must respond in damages. Moreover, courts should always be open to redress grievances.
The impetus of our Supreme Court to narrow immunities is consonant with the national erosion of the doctrine of sovereign immunity. Governments' rapidly expanding activities, the availability of insurance,[3] and the *318 clear injustice of denying relief to an individual injured by the wrongdoing of a sovereign account for this change in the application of the doctrine. Boyce at 406, 223 S.E. (2d) 769. We join the majority of jurisdictions that have considered the question and hold that sister states who commit torts within South Carolina are subject to South Carolina laws and to suit in South Carolina with respect to those torts. Nevada v. Hall, supra; Peterson v. Texas, 635 P. (2d) 241 (Colo. App. 1981): Mianecki v. Second Judicial District Court, supra; Ehrlich-Bober & Co. v. University of Houston, supra. Struebin v. Iowa, 322 N.W. (2d) 84 (Iowa 1982).
Finally, we reject Georgia's contention that it should be immune from liability as a matter of comity. It is settled that no state will give effect to the law of another on the principle of comity when the effect would be injurious to the public policy of the forum state. Duplan Corporation v. Deering Milliken, Inc., 397 F. Supp. 1146 (D.S.C. 1974). We hold that to afford Georgia immunity from suit based on comity offends the public policy of this state.
Accordingly, for the reasons given, we affirm the judgment of the trial court overruling Georgia's demurrer to the complaint.
Affirmed.
SHAW and BELL, JJ., concur.
NOTES
[1] GA. CONST. ART. I, SECTION II, paragraph IX states:

"Sovereign immunity extends to the state and its departments and agencies. However, the defense of sovereign immunity is waived ... as to those actions for recovery of damages for any claim against the state or any of its departments and agencies for which liability insurance protection for such claims has been provided but only to the extent of any liability insurance provided ..."
[2] See Smithsonian Institution v. St. John, N.Y., 214 U.S. 19, 29 S.Ct. 601, 53 L.Ed. 892 (1909) (Under the Full Faith and Credit Clause, states are obliged to give full force and effect to the constitution of another state).
[3] We note that according to Georgia's constitutional provision (note 1, supra) which became effective January 1, 1983, Georgia has waived its defense of sovereign immunity with respect to claims for which liability insurance is provided.