909 F.2d 1494
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Elizabeth S. THURSTON, Plaintiff-Appellant,
v.
The UNITED STATES and Gabriella M. Thurston, Defendants-Appellees.
 No. 90-5030.
 United States Court of Appeals, Federal Circuit.
 July 5, 1990.
Rehearing Denied Aug. 10, 1990.
 
 Before NIES, Chief Judge, and ARCHER and LOURIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Elizabeth S. Thurston appeals from the United States Claims Court's final order, Thurston v. United States, No. 331-88 C (October 5, 1989) (Merow, J.), dismissing her complaint. Appellant seeks damages from the United States in the amount of the survivor annuity and health benefits to which she claims entitlement from her alleged status as the spouse of a deceased State Department Foreign Service officer. The Claims Court held that appellant had set forth no basis upon which monetary survivor benefits can be awarded to her under the jurisdiction conferred by 28 U.S.C. Sec. 1491 (1988). We affirm.
 
 
 2
 As to appellant's arguments based on contract and third-party beneficiary status and her request for a declaration of the illegality of the Nevada judgment for divorce, we affirm on the basis of the opinion of the Claims Court. The detailed and careful opinion of the Supreme Court of Nevada, Thurston v. Thurston, 87 Nev. 365, 487 P.2d 342 (1971), belies appellant's argument that the divorce issues were not fully litigated.
 
 
 3
 We have also considered and find appellant's arguments unpersuasive that she had a personal vested entitlement to survivor benefits under the 1965 Amendments to the Foreign Service Act of 1946, Pub.L. No. 89-308, 79 Stat. 1131 (codified as amended at 22 U.S.C. Sec. 1076(b) (1965)) (repealed 1981), which were "taken" by the 1976 Amendments to the Foreign Service Act of 1946, Pub.L. No. 94-350, 90 Stat. 848 (codified as amended at 22 U.S.C. Sec. 1064 note (1976)) (repealed 1980).
 
 
 4
 Finally, we affirm the Claims Court's dismissal without prejudice to appellant's submission to the Secretary of State of an application under the 1987 Amendments to the Foreign Service Act, 22 U.S.C. Sec. 4069b (1988), which provide survivor annuity benefits for former foreign service spouses.