An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RUTILLO RIVAS,
Appellant,
vs.
ELVA PENA-HERNANDEZ A/K/A ELBA
PENA HERNANDEZ,
Respondent.

No. 64275

FILED

MAY 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is a proper person appeal from a district court divorce decree. Eighth Judicial District Court, Clark County; Nancy A. Becker, Senior Judge.

The parties were married in El Salvador and later relocated to Nevada. Appellant filed a complaint for divorce in El Salvador. While that action was pending, appellant filed a complaint for divorce in the Nevada district court and respondent filed an answer and counterclaim. Thereafter, a court in El Salvador entered a divorce decree that merely dissolved the bonds of matrimony. Thus, appellant filed a motion to dismiss the Nevada divorce proceeding. Respondent opposed the motion. The Nevada district court denied the motion and found that, because respondent was not properly served in the El Salvador proceeding, the El Salvador decree would not be recognized under the doctrine of comity. The district court entered a divorce decree that dissolved the bonds of matrimony and resolved the parties' claims as to custody, support, and property. This appeal followed. As directed, respondent has filed a response.

On appeal, appellant first contends that the El Salvador divorce decree was entitled to comity, and therefore, the Nevada district

14-15644

court did not have jurisdiction to grant a divorce, award spousal support, or divide community property, including real and personal property located in El Salvador. "[C]omity is a principle whereby the courts of one jurisdiction may give effect to the laws and judicial decisions of another jurisdiction out of deference and respect." *Mianecki v. Second Judicial Dist. Court*, 99 Nev. 93, 98, 658 P.2d 422, 424-25 (1983). Although it is within the district court's sound discretion whether to recognize a foreign judgment as a matter of comity, *see id.* at 98, 658 P.2d at 425, a Nevada court is not required to recognize a judgment when there is a showing that due process was not followed in the rendering state, such as when service was improper. *Gonzales-Alpizar v. Griffith*, 130 Nev. ___, ___, 317 P.3d 820, 826-27 (2014).

Here, the district court found that respondent was not properly served with the El Salvador complaint. Appellant served respondent by publication, which is generally permissible when the whereabouts of the responding party are unknown. NRCP 4(e)(1)(i). The record indicates, however, that appellant was not only aware of respondent's whereabouts in Nevada, but that he was in contact with her and did not inform her of the proceedings in El Salvador. Thus, the district court did not abuse its discretion in declining to recognize the El Salvador divorce decree under the principle of comity. We further conclude that the district court had authority to determine the parties' rights as to property located in El Salvador. See *Buaas v. Buaas*, 62 Nev. 232, 236, 147 P.2d 495, 496 (1944) (holding that a court of equity may indirectly act upon real estate in another jurisdiction through its authority over the person).

Appellant also challenges the district court's decision dividing the community property and awarding respondent spousal support and

attorney fees. As to the community property, it must be divided equally, unless the court finds a compelling reason to make an unequal division and sets forth those reasons in writing. NRS 125.150(1)(b). Here, the record shows that the district court equally divided the property between the parties, and the court awarded the Nevada residence, with its encumbrances, to respondent. Additionally, the court properly awarded respondent a share of appellant's pension in accordance with *Fondi v. Fondi*, 106 Nev. 856, 859-61, 802 P.2d 1264, 1265-68 (1990).

As for spousal support, a court may award such spousal support as it considers "just and equitable." NRS 125.150(1)(a); *Sprenger v. Sprenger*, 110 Nev. 855, 859, 878 P.2d 284, 287 (1994). Here, the district court awarded respondent $500 per month in spousal support for 12 years, based on the length of the marriage and the parties' disparity in incomes and earning capacities. NRS 125.150(8). And while appellant argues that the district court improperly attributed an income to him that was greater than his actual earnings, he had several opportunities to provide the required evidence to the court and he failed to do so. Therefore, the district court did not abuse its discretion in determining appellant's income based on respondent's evidence. *See Thurston v. Thurston*, 87 Nev. 365, 367, 487 P.2d 342, 343 (1971) (finding the district court's reliance on the husband's proof of asset value proper when the wife failed to provide any contrary evidence). To the extent that appellant claims that his income has recently changed, however, he may file a motion in the district court to modify spousal support based on a change in income. *See* NRS 125.150(7), (11).

Finally, appellant challenges the district court award of $2,500 in attorney fees to respondent. In opposition, respondent argues that the district court had the authority to make the fees award, and that

the factors under *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969), justify the award, but respondent fails to address whether the district court properly analyzed and applied the *Brunzell* factors. Having reviewed the record, we conclude that the district court failed to consider the *Brunzell* factors when making this award. *Miller v. Wilfong*, 121 Nev. 619, 623-24, 119 P.3d 727, 730 (2005) (holding that a district court must evaluate the *Brunzell* factors when awarding attorney fees).

Accordingly, we reverse the portion of the district court order as to attorney fees, and we remand the matter to the district court for further proceedings in light of *Brunzell*. We affirm the district court's order in all other respects.

It is so ORDERED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Chief Judge, The Eighth Judicial District Court
Hon. Nancy A. Becker, Senior Judge
Rutillo Rivas
Enrique R. Acuna
Eighth District Court Clerk

---

[1]In light of this disposition, we deny as moot appellant's proper person motion for a stay. Additionally, we grant the motion to withdraw filed by respondent's counsel on March 27, 2014. We further deny any relief requested in appellant's April 1, 2014, proper person document.