An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

STEPHEN SHERRY,
Appellant,
vs.
WENDY SHERRY,
Respondent.

No. 62895

**FILED**

APR 16 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing an action for the annulment of a marriage. Tenth Judicial District Court, Churchill County; Thomas L. Stockard, Judge.

The parties were married in Illinois in 2005 and resided there during the marriage. In 2010, respondent filed a complaint for dissolution of the marriage in Illinois state court. Appellant initially filed a petition to declare the marriage invalid in Illinois, which was consolidated with respondent's dissolution action, but after moving to Nevada, appellant filed a motion to voluntarily dismiss his petition, stopped participating in respondent's dissolution action, and filed a complaint for annulment in Nevada. After the Illinois court entered an order to enjoin appellant from proceeding with his Nevada annulment action, the Nevada district court stayed the underlying annulment proceedings relying on principles of comity and the first-to-file rule. Appellant filed a motion for reconsideration, which the Nevada district court denied, and thereafter the Nevada district court dismissed appellant's annulment action concluding that Illinois was the appropriate venue to decide the issues raised by this case.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-11482

On appeal, appellant contends that the Illinois injunction is not enforceable in Nevada and that the district court abused its discretion when it dismissed his action on its own motion. Having reviewed the record, we conclude that the district court did not abuse its discretion when it declined to exercise jurisdiction over appellant's action for annulment. The doctrine of comity "is a principle of courtesy by which the courts of one jurisdiction may give effect to the laws and judicial decisions of another jurisdiction out of deference and respect." *Gonzales-Alpizar v. Griffith*, 130 Nev. Adv. Op. 2, 317 P.3d 820, 826 (2014) (internal quotation omitted). Comity is appropriately invoked according to the sound discretion of the trial court, *Mianecki v. Second Judicial Dist. Court*, 99 Nev. 93, 97-98, 658 P.2d 422, 424-25 (1983), and may be raised sua sponte, *see Stone v. City & County of San Francisco*, 968 F.2d 850, 855 (9th Cir. 1992). The first-to-file rule is a doctrine of comity providing that "where substantially identical actions are proceeding in different courts, the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action by either dismissing, staying, or transferring the later-filed suit." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002). The two actions need not be identical, only substantially similar. *Inherent.com v. Martindale–Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006).

Here, the district court applied the first-to-file rule finding that the first-filed Illinois action and the later-filed Nevada action involved the same parties and sought to resolve the shared issue of the termination of the parties' marriage. The district court further found that considerations of wise judicial administration and comprehensive disposition of litigation counseled in favor of applying the first-to-file rule

and extending comity to its Illinois sister-court. Under these circumstances, the district court did not abuse its discretion when it invoked the first-to-file rule and determined that the Illinois court was the appropriate forum to determine the legal status of the parties' marriage. This determination also supported the district court's decision to dismiss the complaint, and because the first-to-file rule supports dismissal in this circumstance,[1] the district court's additional reliance on forum non conveniens is unnecessary to address. *SAES Getters S.p.A.* 219 F. Supp. 2d at 1089; *see also Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (providing that this court will affirm a district court order if it reached the correct result). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Thomas L. Stockard, District Judge
David Kalo Neidert
Wendy Sherry
Churchill County Clerk

---

[1]We conclude that there was no due process violation as appellant addressed the district court's invocation of the first-to-file rule before the dismissal in his motion to reconsider the stay order.