An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: THE CHAO-TE
AND LIU JUA-KWA CHEN TRUST,
DATED MAY 22, 1997,

LIU JUI-KWA CHEN, INDIVIDUALLY
AND AS TRUSTEE OF THE CHAO-TE
AND LIU JUA-KWA CHEN TRUST,
DATED MAY 22, 1997,
Appellant,
vs.
WEN-TZU CHANG,
Respondent.

No. 63189

**FILED**

MAY 2 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a final order in a probate proceeding directing the transfer of trust property. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

### BACKGROUND

In 1964, respondent Wen-Tzu Chang and decedent Chao-Te Chen were married in Taiwan according to Taiwanese custom without registering their marriage. Seven years later, after having several children with respondent, decedent took a second wife, appellant Liu Jui-Kwa Chen. The following year, decedent registered his second marriage, and appellant gave birth to their first of four children.

Despite the second marriage, in 1972, decedent and respondent purchased a residence for 300,000.00 Taiwanese dollars, having received financial assistance from respondent's mother. Six years later, decedent sold the residence for 1,000,000.00 Taiwanese dollars.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-16420

Using those funds, decedent purchased land located in Las Vegas to start a motel business, taking title as "a married man." At some point, appellant joined decedent in Las Vegas with their children.

Subsequently, decedent established the "Chao Te and Liu Jua-Kwa Chen Trust," naming appellant as the sole beneficiary and successor trustee upon decedent's death. Decedent then purchased a house in Las Vegas using community funds, taking title in a joint tenancy with appellant. Thereafter, decedent transferred the titles of the house and the motel to the Trust without respondent's knowledge or consent.

Then, in 2005, respondent initiated a divorce action against decedent in the Eighth Judicial District Court of Nevada. In response, decedent filed an action in the Taiwan Taipei District Court to declare decedent and respondent's customary marriage invalid.[1] That court addressed arguments and evidence submitted by both parties, made findings, applied Taiwanese law, and concluded that decedent and respondent's marriage was valid. After considering decedent's appeal, the Taiwan High Court affirmed the lower court's decision. Finally, the Supreme Court of Taiwan denied decedent's appeal. As a result of these proceedings, the Taiwanese Ministry of the Interior updated its records to reflect that respondent was decedent's wife and that appellant was his "bigamy wife."

After the family court proceedings recommenced in Nevada, decedent passed away, divesting the family court of jurisdiction. Appellant then filed a certificate of incumbency with the Clark County

---

[1]The Nevada district court stayed its proceedings pending the outcome of the Taiwanese action.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Recorder's Office to confirm her appointment as successor trustee of the Trust. Thereafter, respondent filed an action for quiet title in the Eighth Judicial District Court of Nevada to recover an undivided one-half interest in the real property decedent transferred to the Trust.

After the close of discovery, respondent filed a motion for summary judgment. In her opposition to the motion, appellant contended for the first time that the putative spouse doctrine applied. According to appellant, the putative spouse counterclaim precluded summary judgment.

In his report and recommendation, the probate commissioner applied principles of comity and deferred to the Taiwanese judgments regarding the validity of decedent and respondent's marriage. Based on this valid marriage, which predated appellant's marriage to decedent, the probate commissioner recommended awarding respondent an undivided one-half interest in the house and motel. The probate commissioner also suggested that the putative spouse doctrine did not apply.[2] Thereafter, the district court fully adopted the probate commissioner's report and recommendation.

On appeal, appellant argues that the district court erred by (1) recognizing and adopting the Taiwanese judgments regarding the validity of decedent and respondent's marriage, (2) failing to apply the putative spouse doctrine, (3) awarding respondent a one-half interest in the house held in joint tenancy by decedent and appellant, and (4) refusing to apply

_____

[2]We note that the probate commissioner should have but did not identify the legal authority upon which he relied in making his recommendations.

 

laches to respondent's claims. We now affirm the district court's order granting respondent's motion for summary judgment.

## DISCUSSION

We review an order granting summary judgment de novo, viewing all evidence in a light most favorable to the nonmoving party. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). We have stated that "[s]ummary judgment is appropriate under NRCP 56 when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, that are properly before the court demonstrate that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Id.* at 731, 121 P.3d at 1031. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 730, 121 P.3d at 1030 (internal quotation omitted). "A factual dispute is genuine when the evidence is such that a rational trier of fact could return a verdict for the nonmoving party." *Id.* at 731, 121 P.3d at 1031. "Mere allegations and conclusory statements . . . are insufficient to survive summary judgment." *King v. Cartlidge,* 121 Nev. 926, 928, 124 P.3d 1161, 1162-63 (2005).

*The Principle of Comity*

"[C]omity is a principle whereby the courts of one jurisdiction may give effect to the laws and judicial decisions of another jurisdiction out of deference and respect." *Mianecki v. Second Judicial Dist. Court*, 99 Nev. 93, 98, 658 P.2d 422, 424-25 (1983). A court applying the principle of comity should consider the "duties, obligations, rights and convenience of its own citizens and of persons who are within the protection of its jurisdiction." *Id.* at 98, 658 P.2d at 425 (internal quotation omitted).

When applying comity to international judgments, Nevada courts may recognize another jurisdiction's judgment only if it was issued by a judicial system comprised of impartial tribunals and procedures compatible with due process of law. *Gonzales-Alpizar v. Griffith*, 130 Nev. Adv. Op. No. 2, 317 P.3d 820, 826 (2014). Assuming these requirements are satisfied, Nevada courts may still choose not to recognize a foreign judgment if (1) the court issuing that judgment lacked subject matter jurisdiction, (2) the defendant received insufficient notice, (3) the judgment was obtained by fraud, (4) the cause of action or judgment is repugnant to public policy, (5) the judgment contradicts another existing and valid final judgment, or (6) the parties previously agreed to submit the controversy to a different forum. *Id.*

Appellant argues that the district court erred by applying principles of comity and recognizing the Taiwanese judgments because doing so impaired her rights to marital property as a Nevada resident. Respondent contends that the district court acted properly because the Taiwanese courts provided substantive and procedural due process.

The record for this appeal shows that the Taiwanese courts were impartial and provided procedures compatible with due process. For example, these courts addressed the arguments and evidence submitted by both sides, made findings, and applied Taiwanese law. Despite an adverse judgment, decedent was also able to file two appeals that resulted in

Supreme Court
of
Nevada

(O) 1947A

written decisions. Accordingly, the Taiwanese proceedings afforded decedent due process.[3]

Additionally, none of the factors that could have justified refusing to afford comity to the Taiwanese judgments were present. Specifically, the record does not support the proposition that the Taiwanese proceedings were corrupt, fraudulent, biased, or unfair.[4] Moreover, appellant does not allege that the Taiwanese courts lacked subject matter jurisdiction, the parties previously agreed to hold the proceeding in a different forum, or the judgment contradicts an existing and valid final judgment. Finally, the Taiwanese judgments recognizing that respondent and decedent were lawfully married are not repugnant to public policy. In light of these facts, we conclude that the district court properly applied the principle of comity as a matter of law by recognizing the Taiwanese judgments deeming decedent and respondent's marriage to be valid.

---

[3]We note that the notice factor is inapplicable here because decedent was the plaintiff-appellant in the Taiwanese proceedings, not the defendant-respondent.

[4]We reject appellant's argument that the record contained evidence of fraud in the Taiwanese proceedings. First, appellant's contention that respondent's daughter had a willingness to bribe witnesses for false testimony is insufficient to create a genuine issue of material fact that fraud actually occurred in the Taiwanese proceedings. Second, although decedent filed a perjury action against a witness from the Taiwanese proceedings, that action was subsequently dismissed. Therefore, we conclude that this contention lacks merit.

 

*Putative Spouse Doctrine*

It is clearly established that a nonmoving plaintiff may not raise new legal claims for the first time in response to a summary judgment motion by a defendant. *See Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (stating "summary judgment is not a procedural second chance to flesh out inadequate pleadings" (internal quotation omitted)); *Tucker v. Union of Needletrades, Indus., & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (clarifying that once a case has progressed to the summary judgment stage, liberal pleadings standards that permit leave to amend freely no longer apply). Permitting a plaintiff to do otherwise raises concerns of efficiency and judicial economy, *see Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004), as well as concerns of unfair surprise to the defendant. *Tucker*, 407 F.3d at 788.

We conclude that similar concerns of judicial economy and unfair surprise arise when a nonmoving defendant raises a new counterclaim in response to a summary judgment motion by a plaintiff. Here, defendant-appellant raised her putative spouse counterclaim for the first time in response to plaintiff-respondent's motion for summary judgment. This was improper. Accordingly, we decline to consider this issue on appeal.[5]

---

[5]The joint tenancy appellant identifies was invalid because respondent did not expressly or impliedly consent to the gift of her share of community property. NRS 123.230(2).

Based on the foregoing, we ORDER the judgment of the district court AFFIRMED.[6]

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Gloria Sturman, District Judge
      Ara H. Shirinian, Settlement Judge
      Reisman Sorokac
      Solomon Dwiggins & Freer, Ltd.
      Eighth District Court Clerk

---

[6]We reject appellant's attempt to inject a laches argument related to the dismissed divorce action into respondent's quiet title action. Even if the argument was appropriate, it would lack merit here. *See Gold v. Gold*, 62 A.2d 540, 542-43 (Md. 1948). Moreover, we conclude that laches was inapplicable to respondent's quiet title action, as there was no delay on respondent's part that prejudiced appellant. *See Carson City v. Price*, 113 Nev. 409, 412, 934 P.2d 1042, 1043 (1997).

SUPREME COURT
OF
NEVADA

(O) 1947A