Bernard A. JONES and Kathleen A. Jones, Appellees,

v.

Annie Laurie BOWERS and Thomas Bowers, Appellants,

v.

C. Edward SWAIN, Appellee.

Annie BOWERS and Thomas Bowers, Appellants,

v.

C. Edward SWAIN, Appellee.

No. 2–59024.

Supreme Court of Iowa.

July 29, 1977.

McCullough Law Firm P.C., Sac City, for appellants.

Claus H. Bunz, Manning, for appellees Bernard A. Jones and Kathleen A. Jones.

Minnich & Neu, Carroll, for appellee C. Edward Swain.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

The question here is whether a statutory amendment which changed the procedure for making a tort claim against a state employee is applicable to claims which arose before the amendment was enacted. The trial court held it was, and we affirm.

Two appeals arising from the same accident, involving the same parties and the same issue, have been consolidated for decision. The accident occurred in Carroll County on September 28, 1973. Annie Bowers, while operating a motor vehicle owned by her husband Thomas Bowers, collided with a vehicle owned and being driven by Bernard A. Jones, in which Kathleen A. Jones was a passenger. The Jones sued the Bowers for their damages in September 1975, and the Bowers cross-petitioned for contribution against C. Edward Swain, a state trooper, alleging his negligence in stopping his patrol vehicle on the highway was the proximate cause of the collision between the Jones and Bowers vehicles. The Bowers brought a separate suit against Swain in September 1975 seeking recovery for their own damages.

Swain filed motions to dismiss the cross-petition in the Jones lawsuit and the petition in the Bowers case. The sole ground of the motions was the failure of the Bowers to exhaust their administrative remedy by presenting their claims to the state appeal board in accordance with §§ 25A.3 and 25A.5, The Code. The trial court sustained the motions, and these appeals followed.

Code chapter 25A was amended effective July 1, 1975, to bring claims against state employees within its provisions. See Acts 66 G.A. ch. 80. Before that date a tort claim against a state employee was governed by the procedures which govern tort claims generally. See *Anderson v. Calamus Community School District,* 174 N.W.2d 643 (Iowa 1970). The Bowers do not dispute the fact that the amendment makes tort claims against state employees subject to the provisions of chapter 25A and that one of those provisions bars suit unless the claim has been first submitted to the state appeal board. See § 25A.5, The Code; *Charles Gabus Ford, Inc. v. Iowa State Highway Commission,* 224 N.W.2d 639 (Iowa 1974). However, the Bowers contend

the amendment of chapter 25A does not apply retrospectively to causes of action which arose prior to July 1, 1975.

We reviewed the principles relating to retroactivity in *State ex rel. Turner v. Limbrecht,* 246 N.W.2d 330, 332–333 (Iowa 1976). Legislation which gives a party a different remedy from one he previously had is generally held to be applicable to rights of action which arose before its enactment in the absence of expression of a contrary legislative intent. The present situation comes within this principle. The creation of an administrative remedy and the requirement of prior resort to this procedure is remedial. Moreover, the legislature did not make the new procedure prospective only. Therefore the trial court correctly held the Bowers' claims against Swain are subject to chapter 25A.

AFFIRMED.