Ronald STRUEBIN, Ancillary Administrator of the Estate of Joel F. Struebin, deceased; Kathleen S. Potter, Ancillary Administrator of the Estate of James K. Potter; and Davenport Bank and Trust, Ancillary Administrator of both Estates, Appellees,

v.

STATE of Iowa, Appellee,

and

State of Illinois, Appellant.

No. 66836.

Supreme Court of Iowa.

July 21, 1982.

Tyrone C. Fahner, Atty. Gen., and A. L. Zimmer, Asst. Atty. Gen. of Ill., Springfield, Ill., for appellant.

Rand S. Wonio of Lane & Waterman, Davenport, for appellees Struebin, Potter, and Davenport Bank and Trust.

Thomas J. Miller, Atty. Gen., and Robert J. Huber, Asst. Atty. Gen., for appellee State of Iowa.

McCORMICK, Justice.

The questions here are whether principles of constitutional law or comity required the trial court to sustain the special appearance of defendant State of Illinois in this wrongful death tort action. We granted interlocutory appeal of the court's order overruling the special appearance in order to decide these issues of first impression in Iowa. Because we find that the principles relied on by Illinois do not bar the action, we affirm the trial court.

Plaintiffs are the ancillary administrators of the estates of Joel F. Struebin and James K. Potter. They allege that the decedents were killed when a jeep they were occupying plummeted into the Mississippi River after skidding over a snow embankment covering a railing on the Iowa side of the Interstate 80 bridge near LeClaire. A contract between Iowa and Illinois required Illinois to maintain the bridge on behalf of both states. Iowa had a similar duty on the Interstate 74 bridge. Plaintiffs allege that Illinois is liable for the deaths on theories of negligence and nuisance based on the conditions that caused the accident. Iowa is also a defendant in the case.

In appearing specially, Illinois alleged that sovereign immunity precluded suit against it in an Iowa court. It also cited an Illinois statute requiring tort claims against the state to be brought in the Illinois Court of Claims and imposing a $100,000 per person limit on recovery. See Ill.Rev.Stat. ch. 37, §§ 439.8 and 439.23 (1979). When the trial court overruled the special appearance, Illinois applied and obtained permission for the present appeal. We are called upon to decide only the jurisdictional dispute.

I. *The constitutional questions.* For the first two hundred years of this nation's existence it was generally assumed that the United States Constitution would not allow one state to be sued in the courts of another state. The assumption was based on the theory that this immunity was an attribute of state sovereignty that was preserved in the Constitution. *See Paulus v. South Dakota,* 58 N.D. 643, 227 N.W. 52 (1929); *Nathan v. Virginia,* 1 Dall. 77 (C.P. Philadelphia County Ct. 1781). In 1979, however, the Supreme Court held in *Nevada v. Hall,* 440 U.S. 410, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979), that the assumption was unwarranted.

*Hall* was a negligence action brought in a California state court against the State of Nevada by persons who were severely injured in a collision on a California highway with an employee of Nevada acting within the scope of his employment. Although a Nevada statute waived sovereign immunity against Nevada tort claims, it limited recovery to $25,000 per claimant. The California court rejected Nevada's assertions that it was not amenable to suit in California and that, in any event, California was required to give full faith and credit to the Nevada statute limiting recovery. After the injured parties recovered a substantial judgment, the court of appeals affirmed and the California Supreme Court denied review. Nevada then successfully sought certiorari review in the U. S. Supreme Court. That Court found nothing in the understanding of the framers, the structure of the Constitution, article III, the eleventh amendment, or the full faith and credit clause that required California to accord Nevada immunity from suit in California or to apply the Nevada statute.

As in *Hall,* it is argued in this case that the full faith and credit clause is a bar to suit. That provision requires full faith and credit "in each state to the public Acts, Records, and judicial Proceedings of every other State." U.S.Const. Art. IV, § 1. In *Hall* the Court held that this clause does not

require one state to apply another state's law in violation of its own legitimate public policy. 440 U.S. at 422, 99 S.Ct. at 1189, 59 L.Ed.2d at 426. The Court characterized California's policy interest as "full protection of those who are injured on its highways through the negligence of both residents and nonresidents." *Id.* at 424, 99 S.Ct. at 1190, 59 L.Ed.2d at 427.

Iowa has a similar policy, reflected in section 321.498, The Code, extending personal jurisdiction to nonresident motorists. The policy is also manifested in chapter 25A, which permits suits against the state for negligent maintenance of highways. *See Hunt v. State,* 252 N.W.2d 715, 717 (Iowa 1977). Iowa law permits full compensation.

Illinois seeks to distinguish the present case from *Hall* by pointing out that its duty to maintain the interstate bridge arose from a contract that it entered in its sovereign capacity in a spirit of cooperative federalism. It asserts that footnote 24 in *Hall* limits the holding to its unique facts, leaving intact an allegedly preexisting constitutional bar to state court jurisdiction over sister states where liability is alleged based on the sister state's exercise of a governmental function. Footnote 24 provides:

> California's exercise of jurisdiction in this case poses no substantial threat to our constitutional system of cooperative federalism. Suits involving traffic accidents occurring outside of Nevada could hardly interfere with Nevada's capacity to fulfill its own sovereign responsibilities. We have no occasion, in this case, to consider whether different state policies, either of California or Nevada, might require a different analysis or a different result.

424 U.S. at 424, 99 S.Ct. at 1190, 59 L.Ed.2d at 427.

We see several flaws in Illinois' position. First, the *Hall* case enunciates for the first time an authoritative general principle that the Constitution does not mandate interstate comity. It demonstrates that the prior contrary assumption was unwarranted. The case does not merely carve out an

exception to a general principle of immunity. Second, the footnote points out that the *Hall* facts did not threaten Nevada's sovereign prerogatives and responsibilities. It does not necessarily limit the holding to the *Hall* facts. Finally, the footnote merely reserves the question of a different analysis or result where different state policies are involved. It does not suggest that an exception must be made where, as here, a threat to interstate cooperation is asserted. We do not think that allowing Illinois to be sued in Iowa courts for torts committed in Iowa constitutes a "substantial threat to our constitutional system of cooperative federalism." ·

Illinois does not and could not claim a sovereign right to be negligent in carrying out its contractual responsibilities in maintaining the Interstate 80 bridge. The fact that it accepted the responsibilities as a sovereign does not make them any less obligatory. Moreover the only substantive Illinois policy involved is reflected in its statute that would limit recovery if the action were brought in Illinois. This is the same kind of policy as was urged by Nevada in *Hall.* Under *Hall* this policy is not of sufficient magnitude to override Iowa's legitimate interest in giving full access and protection in Iowa courts to those injured on Iowa highways. No substantial harm to Illinois' sovereignty appears. Illinois is more impressed with the views of the dissenting justices and critics of *Hall* than with the majority holding. We believe, however, the majority holding plainly controls here.

Other courts have uniformly reached the same conclusion in various contexts, some of which are analogous to this case. *See Daughtry v. Arlington County, Virginia,* 490 F.Supp. 307 (D.D.C.1980) (District of Columbia courts not required to recognize sovereign immunity of Virginia in suit based on alleged misconduct of police exercising Virginia police powers); *Peterson v. Texas,* 635 P.2d 241 (Colo.Ct.App.1981) (Texas not immune from Colorado suit based on alleged tort of youth participating in Colorado in a Texas juvenile rehabilita-

tion program); *The Carlson Corporation v. University of Vermont,* 380 Mass. 102, Mass.Adv.Sheets (1980) 659, 402 N.E.2d 483 (Mass.1980) (sovereign immunity of Vermont not a bar to breach of contract suit against Vermont state university in Massachusetts); *Wendt v. County of Osceola, Iowa,* 289 N.W.2d 67 (Minn.1979) (Iowa political subdivision not immune from suit in Minnesota court for alleged negligent failure to post adequate road signs and barricades); *Ehrlich-Bober & Co., Inc. v. University of Houston,* 49 N.Y.2d 574, 427 N.Y. S.2d 604, 404 N.E.2d 726 (1980) (another university contract case).

We conclude that the trial court was correct in overruling Illinois' special appearance on the full faith and credit ground.

▪ Illinois also alleges the trial court ruling denies it equal protection of the law under U.S.Const.Amend. XIV. This occurs, it argues, because Iowa could not be sued in its own courts under the tort claims statute without prior exhaustion of administrative remedies. *See* § 25A.5; *Jones v. Bowers,* 256 N.W.2d 233 (Iowa 1977). Illinois asserts it is treated unequally because it does not receive the benefit of the exhaustion requirement. Passing the issue whether error was presented on this contention, we hold that it is without merit. A state is not a "person" for purposes of fourteenth amendment protection. *Pennsylvania v. New Jersey,* 426 U.S. 660, 96 S.Ct. 2333, 49 L.Ed.2d 124 (1976).

▪ II. *The comity question.* Iowa is nevertheless free to close its courts to suits against a sister state as a matter of comity rather than constitutional command. *See Hall,* 440 U.S. at 426–27, 99 S.Ct. at 1190–91, 59 L.Ed.2d at 429. Comity is a doctrine under which courts will give effect to the law of another state as a matter of deference and respect rather than of duty. *Jacobsen v. Saner,* 247 Iowa 191, 193, 72 N.W.2d 900, 901 (1955).

Illinois alleges that Iowa and Illinois have a similar view toward sovereign immunity which should encourage Iowa to respect its desire to have litigation against it brought only in the Illinois Court of Claims, as provided in its statute. Assuming the states do have a common view of the doctrine, no basis appears for believing Illinois' sovereignty will not be sufficiently protected in Iowa courts. *See* Comment, *Nevada v. Hall: Sovereign Immunity, Federalism and Compromising Relations Between Sister States,* 1980 Utah L.Rev. 395, 410. Illinois acknowledges its statute permits an action against the state for negligence in road maintenance.

The only material difference asserted by Illinois is its statutory limitation on recovery. The Illinois policy limiting the amount of recovery against the state for torts in Illinois contrasts with the Iowa policy permitting full compensation to those injured on its highways by the negligence of nonresidents as well as residents. We believe Iowa's interest in full compensation outweighs Illinois' interest in extending its statutory limitation on recovery to its Iowa torts. Iowa's policy is a legitimate attribute of its own sovereignty. Therefore we conclude that the trial court was also correct in overruling the special appearance on the comity ground.

AFFIRMED.