[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO DISMISS
The plaintiff, Joanne Perrino, alleges in her complaint that she suffered damages as the result of a motor vehicle accident caused by the negligence of the defendant, Blair D. Yeager. It is alleged that on or about September 6, 1986, while the plaintiff was operating her vehicle in a southerly direction on Connecticut Route 161 in the Town of East Lyme, the defendant Yeager backed his truck into the path of the plaintiff's oncoming vehicle, causing the damages complained of. The complaint alleges that at the time of the accident, the defendant Yeager was operating a leased vehicle owned by the defendant, Bancorp Leasing and Financial Corp. and/or by the defendant, Ryder Truck Rental, Inc. (hereinafter "Ryder"). CT Page 7933
On September 6, 1988, the defendant Ryder filed a cross-complaint against the defendant Yeager for indemnification. Also on September 6, 1988, the court granted Ryder's motion to implead Texas AM University (hereinafter "University") and the Department of Oceanography of Texas AM University (hereinafter "Department") as third-party defendants. The third party complaint alleges that at all relevant times the third party defendants were and still are within the State University System organized and existing under the laws of the State of Texas. The third party complaint seeks indemnification on the ground that the truck involved in the accident was being operated by the defendant Yeager, who was at all times acting as an employee, servant, or agent of the third party defendants. The third party complaint further alleges that at all relevant times the defendant Yeager was within the scope of such agency relationship.
On September 30, 1988, the defendant Yeager filed a Motion to Dismiss the cross-complaint filed against him by the defendant Ryder, and a Motion to Dismiss the complaint. The basis of each motion is that since the defendant Yeager is and was at all relevant times a resident and employee of the State of Texas, he is immune from suit in this case under the sovereign immunity of the State of Texas. A memorandum of law was filed with each motion to dismiss. The plaintiff and the defendant Ryder have each filed a memorandum in opposition to the respective motion to dismiss.
On December 9, 1988, third-party defendants both filed a Motion to Dismiss the third party complaint and an accompanying memorandum of law on the grounds of sovereign immunity and insufficiency of service of process. On December 14, 1988, the defendant Ryder filed a memorandum in opposition to third-party defendant's Motion to Dismiss. Attached to each Motion to Dismiss is the affidavit of Dr. James M. Brooks, Head of the Geochemical and Environmental Group of the Department in College Station, Texas ("Research Group"). The affidavit states that at all relevant times, the defendant Yeager was an employee of the Research Group, and that on September 6, 1986, at the time and place of the motor vehicle accident involved in this lawsuit, that defendant was acting within the scope of his employment.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687 (1985). The ground which may be asserted in the motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process. CT Page 7934 Connecticut Practice Book Section 143. "(T)he defense of sovereign immunity may be raised in a motion to dismiss. . . " Duguay v. Hopkins, 191 Conn. 222, 227 (1983).
I. Yeager's Motions to Dismiss the Complaint and Cross-Complaint
The defendant Yeager argues in support of his motion to dismiss that any suit against him as an employee of the State of Texas may be brought and maintained against him in the appropriate court of the State of Texas and is precluded in Connecticut by application of the doctrine of sovereign immunity. According to Yeager, the sovereign immunity of the State of Texas must be recognized in this case either under the full faith and credit clause of the U.S. Constitution or as a matter of comity, under principles enunciated by the Supreme Court in Nevada v. Hall, 440 U.S. 410, 99 S.Ct. 1182,59 L.Ed.2d 416, reh. denied 441 U.S. 917, 99 S.Ct. 2018 (1979). The plaintiff argues in opposition that the defense of sovereign immunity cannot be asserted in this case pursuant to Nevada v. Hall.
As an initial matter, nothing in the Texas statutes appended to the defendant's memorandum, nor in Norton v. Brazos County, 640 S.W.2d 690 (Tex.App. 1982), a case cited by the defendant, supports the defendant's claim that he can be sued ONLY in the appropriate Texas court. As the accident at issue in this case occurred in Connecticut, the Nevada v. Hall case is applicable regarding the question of whether Connecticut is required to enforce the Texas statute providing a dollar limit on the amount recoverable.
In Nevada v. Hall, the plaintiffs, California residents, sustained personal injuries in an automobile accident which occurred on a California highway. The driver of the other vehicle, an employee of the University of Nevada, was killed in the collision. The parties conceded that he was driving a car owned by the State, that he was engaged in official business, and that the University is an instrumentality of the State itself. The plaintiffs filed suit in a California court, naming as defendants the administrator of the driver's estate, the University and the State of Nevada. Nevada claimed that the full faith and credit clause required the California court to limit the amount of damages under a Nevada statute which waived sovereign immunity only to the extent of a $25,000 upper limit on recovery against the state. The U.S. Supreme Court "found nothing in the understanding of the framers, the structure of the Constitution, article III, the eleventh amendment, or the full faith and credit clause that required California to accord Nevada immunity from suit in California or to apply the Nevada CT Page 7935 statute." Struebin v. State, 322 N.W.2d 84, 85 (1982) cert. denied 459 U.S. 1087, 103 S.Ct. 570; see also 2 Speiser, Krause, Gans, The American Law of Torts, Section 6:18 (1985); 57 Am.Jur.2d Municipal, Etc., Tort Liability, Section 69 (1988).
The defendant argues that the Hall decision only applies where the public policies of the foreign state are repugnant to those of the forum state. The defendant's argument is not persuasive, as the discussion of the relevant state policies arose in Hall only in the context of the full faith and credit clause of the United States Constitution. The court there stated that "the Full Faith and Credit Clause does not require a state to apply another state's law in violation of its own legitimate public policy." Nevada v. Hall, 440 U.S. 410 at 422 (1979).
Applying the above principle, the court found that California had significant interest in exercising its jurisdiction over nonresident motorists and in allowing full recovery against both resident and nonresident drivers. The court found that in furtherance of this policy, California had unequivocally waived its own immunity from liability for the torts committed by its own agents and authorized full recovery against the sovereign. Id. at 424. The court then stated that ". . . to require California either to surrender jurisdiction or to limit (plaintiffs') recovery to the $25,000 maximum of the Nevada statute would be obnoxious to its statutorily based policies of jurisdiction over nonresident motorists and full recovery. The Full Faith and Credit Clause does not require this result." Id.
Even if Hall can be said to apply only if the policies of the foreign state are repugnant to the policies of the forum state, in this case the policy of Texas is in fact repugnant to the policy of Connecticut.
Connecticut's statute on waiver of sovereign immunity for injuries caused by the negligence of a state employee when operating a state motor vehicle provides:
 Sec. 52-556. Actions for injuries caused by motor vehicles owned by the state. Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury. CT Page 7936
Connecticut General Statutes Section 52-556.
Tex. Civ. Prac. Rem. Code Ann. Section 101.021
provides that a governmental unit in that state is liable for:
 (1) property damage, personal injury and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of his employment if:
 (A) the property damage, personal injury, or death arises from the operation or use of a motor driven vehicle or motor driven equipment, and
 (B) the employee would be personally liable to the claimant according to Texas law.
Tex. Civ. Prac. Rem. Code Ann. Section 101.023 then provides:
Section 101.023. Limitation on Amount of Liability
 (a) Liability of the state government under this chapter is limited to money damages in a maximum amount of $250,000 for each person and $500,000 for each single occurrence for bodily injury or death and $100,000 for each single occurrence for injury to or destruction of property.
 (b) Liability of a unit of local government under this chapter is limited to money damages in a maximum amount of $100,000 for each person and $300,000 for each single occurrence for bodily injury or death and $100,000 for each single occurrence for injury to or destruction of property.
Unlike the Texas statute, Connecticut's waiver of sovereign immunity does not in any way limit the amount of recovery. To enforce the Texas statutory limit in Connecticut would be repugnant to Connecticut's policy of allowing full recovery. The Full Faith and Credit Clause does not require such a result.
However, the Hall decision concluded by noting that CT Page 7937 ". . . (i)t may be wise policy, as a matter of harmonious interstate relations, for States to accord each other immunity or to respect any established limits on liability." Nevada v. Hall, 440 U.S. 410 at 426.
It has been stated that:
 The decision of the United States Supreme Court in Nevada v. Hall has generated much commentary but appears to only permit and not require a forum state to submit a sister state to its tort law in disregard of an otherwise applicable sovereign immunity rule. Accordingly, despite general recognition of the rule that a state may not be entitled to constitutional immunity from suit in another state, and that comity arguments may not preclude assertions of personal jurisdiction over other states, such jurisdiction has been rejected as a matter of comity and public policy, particularly in the absence of sufficient contacts between the defendant state and the forum state to justify an exercise of personal jurisdiction.
57 Am.Jur.2d Municipal, Etc., Tort Liability Section 69 (1988).
Although not required to do so by the United States Constitution, the court may grant Yeager's motion to dismiss based on sovereign immunity, as a matter of comity. In this situation where the Connecticut law clearly permits unlimited suits against operators of State owned vehicles, it seems to this court inappropriate to do so. It is simply not practical to require a Connecticut resident to go to Texas with his witnesses to get a forum for a motor vehicle liability dispute over an accident which occurred in Connecticut where the State of Texas had sent its driver and vehicle to use Connecticut highways.
Those motions are denied.
II. Third Party Defendants Motion to Dismiss Third Party Complaint of December 9, 1988
There are two reasons given for this motion (1) sovereign immunity and (2) insufficient service. The foregoing analysis applies to the claim that the suit is barred under the doctrine of sovereign immunity and will not be further reviewed. CT Page 7938 For the reasons stated above this court will not grant the motion on those grounds.
The third party defendants also argue that this action should be dismissed because service of process was insufficient.
According to the third party defendants brief, service was made upon the secretary of state and then upon the President of Texas AM when it should have been made upon the Commissioner of Motor Vehicles pursuant to Connecticut General Statutes Section 52-62. However, a review of the sheriff's return indicates that service was properly made pursuant to Connecticut General Statutes Section 52-62.
For these reasons these motions to dismiss are also denied.
LEUBA, J.