**Florence O. RADLEY and Kenneth C. Radley, Appellants,**

v.

**TRANSIT AUTHORITY OF CITY OF OMAHA, a Political Subdivision d/b/a Metro Area Transit, Appellee.**

No. 91–881.

Supreme Court of Iowa.

June 17, 1992.

Mark A. Weber and Darren C. Carlson of Walentine, O'Toole, McQuillan & Gordan, Omaha, Neb., for appellants.

Joseph D. Thornton, Council Bluffs, and Eric Lindquist, Omaha, Neb., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

CARTER, Justice.

Plaintiff Florence Radley, who was injured when disembarking from an Omaha Transit Authority bus in Council Bluffs, Iowa, appeals from a determination that her Iowa tort action against the Nebraska political subdivision that operated the bus was barred for failure to give notice required by Nebraska law. Her husband, Kenneth Radley, is also a plaintiff in this litigation with regard to a loss-of-consortium claim. For convenience, we will refer to Florence as if she were the only plaintiff. After hearing the arguments presented by the parties, we reverse the judgment of the district court.

Plaintiff was injured in Council Bluffs on November 10, 1986, when she disembarked from a bus operated by the defendant, Transit Authority of the City of Omaha, a Nebraska political subdivision [hereinafter Transit Authority]. The Transit Authority provided bus service in Iowa pursuant to a contract with the City of Council Bluffs. The buses operating in Council Bluffs under that contract bore the name Metro Area Transit.

After her injury, plaintiff retained an attorney, who sent the following letter on December 3, 1986:

Metro Area Transit
2222 Cuming
Omaha, Nebraska
Re: Florence Colene Radley
Dear Sir:

This is to advise that I have been retained as attorney for Florence Colene Radley and her husband in regard to a personal injury suffered by Mrs. Radley in a fall on a Metro Bus at 4th Street and Broadway, Council Bluffs, Iowa, on November 10, 1986.

I would appreciate discussing this matter with the appropriate claim representative.

Very truly yours,
G. Elizabeth Otte

This letter was received by the claims department of the defendant Transit Authority, whose representatives contacted plaintiff's attorney by both telephone and written communication. Arrangements were made for Transit Authority claim representatives to interview plaintiff.

Later, plaintiff's attorney informed the Transit Authority that plaintiff and her husband were withdrawing their adminis-

trative claim and intended to file suit. On November 9, 1988, plaintiff and her husband filed the present action in the Iowa District Court to recover damages for alleged negligence in the Transit Authority's operation of its bus on November 10, 1986.

Although plaintiff also alleged that proper notice of her claim and her husband's consortium claim had been given as required by Nebraska law, the defendant challenged this assertion. Ultimately, the district court sustained the defendant's motion for summary judgment on the ground that the claim was barred for failure to comply with Nebraska Revised Statute section 13–905 (Reissue 1987), which provides:

> All tort claims under [the political Subdivisions Tort Claims Act] shall be filed with the clerk, secretary or other official whose duty it is to maintain the official records of the political subdivision.... All such claims shall be in writing and shall set forth the time, place and occurrence giving rise to the claim and such other facts pertinent to the claim as are known to the claimant.

*Id.* Another Nebraska statute provides that a claim against a Nebraska political subdivision is barred unless the section 13–905 notice is given within one year. Neb. Rev.Stat. § 13–919 (Reissue 1987).

In sustaining the motion for summary judgment, the district court concluded that, in order to pursue a tort claim against a Nebraska political subdivision, the notice provisions of the Nebraska statutes must be strictly complied with. It found that the December 3, 1986 letter from plaintiff's attorney did not constitute "filing" with the proper public official and was lacking in the descriptive essentials that the Nebraska statute requires in a notice of claim.

In reviewing the district court's judgment, we need not determine whether the Nebraska law concerning notice was complied with. We believe that Nebraska law is not determinative of plaintiff's right to bring the present action in the Iowa District Court.

■ The Transit Authority argues that, because it is a political subdivision of a sovereign state other than Iowa, it is only subject to suit in accordance with the laws of the state that created it. We disagree and conclude that this contention has been rejected in *Nevada v. Hall*, 440 U.S. 410, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979). In the *Hall* case, the Court held that a state may not claim immunity from suit in the courts of another state absent an agreement or as a matter of comity. *Id.* at 416, 99 S.Ct. at 1186, 59 L.Ed.2d at 422. The Court expressly ruled that the full faith and credit clause of the federal Constitution does not require a state to apply another state's law with respect to sovereign immunity if it is in conflict with its own legitimate public policy. *Id.* at 422, 99 S.Ct. at 1189, 59 L.Ed.2d at 426.

■ In *Schoeberlein v. Purdue University*, 129 Ill.2d 372, 384, 135 Ill.Dec. 787, 792, 544 N.E.2d 283, 288 (1989), the court stated: "[A] sister State's claim of immunity will not be recognized if the forum of litigation permits recovery against the home State under similar circumstances." We believe that the same rule should apply if the laws of the forum state permit suits against political subdivisions of that state under the circumstances shown. Under Iowa law, if an action against a political subdivision is properly commenced in compliance with the Iowa Rules of Civil Procedure within the time of the applicable statute of limitations, no prior notice to the defendant is required. That result is a consequence of our holding in *Miller v. Boone County Hospital*, 394 N.W.2d 776, 780 (Iowa 1986), invalidating Iowa Code section 613A.5 and a lack of legislative response to that action.

Other courts have refused to recognize claims of sovereign immunity when the forum state's policy was in conflict with that of the state claiming to be immune. *Biscoe v. Arlington County*, 738 F.2d 1352 (D.C.Cir.1984) (if the acts had been committed by the police of the District of Columbia, sovereign immunity would not bar suit against the District); *Hall v. University of Nevada*, 8 Cal.3d 522, 503 P.2d 1363, 105 Cal.Rptr. 355 (1972) (California had waived its own immunity from liability in similar circumstances and permitted full recovery);

*Peterson v. State,* 635 P.2d 241 (Colo.App. 1981) (when injured party is a citizen of forum state, injured in forum state, there is no immunity to sister state); *Mianecki v. Second Judicial Dist. Court,* 99 Nev. 93, 658 P.2d 422 (1983) (if the acts had been committed by the State of Nevada, sovereign immunity would not bar suit against Nevada).

In *Struebin v. State,* 322 N.W.2d 84 (Iowa 1982), we rejected Illinois' claim of sovereign immunity for a tort claim filed in Iowa based on that state's negligence in fulfilling its contractual obligation to maintain an interstate bridge. The suit was allowed to proceed because Iowa has a policy that permits suits against the state for negligent maintenance of highways. *Id.* at 86. We also rejected the application of Illinois' statutory limitation on recovery against the state as it was in conflict with the Iowa policy permitting full compensation to those injured on its highways by the negligence of nonresidents as well as residents. *Id.* at 87; *see also Struebin v. State of Illinois,* 421 N.W.2d 874 (Iowa 1988) (Illinois statute of limitations found contrary to Iowa's interest in full compensation for accident victims). Just as we did not apply the Illinois law limiting recovery in *Struebin,* we conclude that the Nebraska law requiring special notice should not be applied in the present case.

Although the Transit Authority urges that plaintiff and her husband waived the right to assert the applicability of Iowa law by pleading compliance with Nebraska law, we disagree that such pleading amounted to a concession that Nebraska law was controlling. For the reasons stated, the judgment of the district court is reversed. The case is remanded to the district court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.